KAREN P. HEWITT
United States Attorney

JOHN R. MONROE
IA Bar No. 0008881
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, DC 20044
Telephone: 202-307-0638
Facsimile: 202-514-6770
john.r.monroe@usdoj.gov

FILED
07 NOV 15 PM 3:39
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROOSEVELT KYLE, individually or ) <br> d/b/a CENTURY ONE RESORTS, LTD ) <br> or CENTURY ONE ASSOCIATES; ) <br> REBECCA TYREE a/k/a/ RUBEE TYREE ) <br> or RUBY TYREE; ) <br> COA FINANCIAL GROUP, LLC d/b/a COA ) <br> FINANCIAL NETWORK TRUST c/o T&N ) <br> FASHION; ) <br> and ) <br> EAGLE FINANCIAL SERVICES, LLC ) <br> ) <br> Defendants. ) | '07CV 2187 IEG   NLS <br> Case No. <br><br> **COMPLAINT FOR** <br> **PERMANENT INJUNCTION** |

Plaintiff, United States of America, for its complaint against Roosevelt Kyle, individually and doing business as Century One Resorts, Ltd. or Century One Associates; Rebecca Tyree, also known as Ruby or Rubee Tyree; COA Financial Group, LLC, doing business as COA Financial Network Trust c/o T&N Fashion; and Eagle Financial Services, LLC, states as follows:

2669960.9

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1340 and 1345 and 26 U.S.C. §§ 7402(a), 7407 and 7408.

2. This suit is brought under §§ 7402, 7407, and 7408 of the Internal Revenue Code (26 U.S.C.) (I.R.C.) to enjoin Roosevelt Kyle, individually and doing business as Century One Resorts, Ltd. or Century One Associates; Rebecca Tyree; COA Financial Group, LLC; and Eagle Financial Services, LLC, as follows:

    (a) Preparing or filing, or assisting in, or directing the preparation or filing of any federal income tax return, amended return or other related documents and forms for any other person or entity;

    (b) Engaging in any activity subject to penalty under I.R.C. §§ 6694, 6695, or 6701;

    (c) Engaging in other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws;

    (d) Engaging in any other activity subject to penalty under the I.R.C.; and

    (e) Representing persons before the Internal Revenue Service.

3. This action has been requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and commenced at the direction of the Attorney General of the United States, pursuant to Code §§ 7402, 7407, and 7408.

## Defendants

4. Defendants Kyle and Tyree reside in San Diego, California, in this judicial district and do business in this judicial district.

5. Kyle has prepared tax returns for others for compensation since 1983, with the exception of 2006 when he was incarcerated in federal prison for willfully failing to file federal income tax returns.

6. Defendant Rebecca Tyree, also known as Rubee or Ruby Tyree, formerly was a receptionist for Kyle's tax preparation business, but is now the office manager. Tyree prepares returns for others for compensation. Tyree also signs returns for which Kyle is the return preparer.

7. Over the last eight years, Kyle has operated his tax preparation business using several entities or names, including Century One Resorts, COA Financial Group, LLC, and Eagle Financial Services, LLC. Kyle stopped personally signing returns in 2004, but Kyle still interviews customers and prepares returns that are signed by others. He does this to thwart IRS efforts to detect his illegal conduct.

8. The following numbers of returns were filed under the Employer Identification Numbers of the entities listed in paragraph 2 above and under Kyle's identification number:

| Name of Person/Entity | Number Returns Filed by Entity from 2000-2007: | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | 2007* |
| Roosevelt Kyle | 1572 | 1632 | 1864 | 136 | 12 | 2 | 1 | 5 |
| Century One Resorts | 0 | 0 | 0 | 1451 | 2511 | 57 | 4 | 2 |
| COA Financial Network Trust/COA Financial Group, LLC | 0 | 0 | 0 | 0 | 0 | 2527 | 34 | 7 |
| Eagle Financial Services, LLC | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1136 |

* As of September 27, 2007

9. According to public records, Defendant Eagle Financial Services, LLC, was

formed in January 2007 and Roosevelt Kyle is listed as its agent for service of process. Kyle reopened his tax preparation business as Eagle Financial Services, LLC, in 2007 after he was released from prison.

10. According to public records, COA Financial Group, LLC, was formed in June 2004 and Roosevelt Kyle is its agent for service of process.

### Defendants' Tax Preparation Business

11. On average Kyle and his businesses prepared and filed approximately 1,500 returns per year since 2000.

12. Kyle most recently operated his business from 2414 Hoover Avenue, National City, CA 91950, in the San Diego metropolitan area.

13. Kyle, individually and through the named entities, and Tyree prepare federal income tax returns that unlawfully understate their customers' tax liabilities, most commonly by fabricating or inflating deductions on Schedule A, "Itemized Deductions," and Schedule C, "Profit or Loss from Business."

14. The defendants' customers are generally wage earners who are not familiar with internal revenue laws, rules and regulations.

15. The defendants generate new business through word of mouth as they gain a reputation for being able to generate larger tax refunds than other return preparers.

16. As a direct result of the defendants' fraudulent return preparation, their customers have filed federal income tax returns understating their federal income tax liabilities and claiming large income tax refunds to which they were not entitled.

2669960.9

## IRS's Investigation

17. As of September 26, 2007, the IRS has examined approximately 254 returns prepared between 2002 and 2007 by Kyle and Tyree under the auspices of Century One Associates, COA Financial Network, or Eagle Financial Services. The examinations revealed that all but approximately eight of the returns understated the customer's tax liability. The IRS is continuing to examine returns prepared by Kyle, Tyree, and Eagle Financial Services.

18. Customers consented to the IRS's adjustments on approximately 127 of the examined returns. The total of the agreed tax understatements on those returns was $419,725 which was an average understatement of approximately $3,304 per return.

19. The defendants prepared the 254 examined returns for approximately 218 customers and 116 of those customers consented to the IRS's adjustments to their returns.

20. In 2007 the IRS conducted an undercover investigation of Kyle and his tax preparation business, which was operating as Eagle Financial Services, LLC. An IRS undercover agent posed as a customer and paid Kyle to prepare a tax return. Kyle conducted the tax preparation interview with the undercover agent, but the return was signed by Rebecca Tyree, Kyle's office manager and business associate. The return Kyle prepared for the undercover agent fabricated employee business expenses and charitable deductions.

21. The estimated tax loss caused by the defendants' misconduct between 2002 and 2007 is approximately $18 million.

22. Kyle has known about the IRS's investigations of his tax preparation business and activities since at least 1987, but has repeatedly and continually engaged in improper and enjoinable conduct.

23. In 1987 the IRS assessed against Kyle two preparer penalties under 26 U.S.C. § 6694 for conduct occurring in 1983 and 1984, and in 1998 the IRS assessed against Kyle another penalty under 26 U.S.C. § 6694 for negligently understating the tax liability of a customer on return prepared in 1995.

24. The defendants willfully, intentionally, and/or recklessly understate their customers' income tax liabilities by preparing returns that improperly contain fabricated or inflated deductions on Schedules A and C.

**Inflated or Bogus Schedule A Employee Business Expenses**

25. The defendants continually and repeatedly prepare federal income tax returns claiming inflated or bogus Schedule A employee business expenses to offset customers' Form W-2 wage income.

26. Approximately 167 of the returns the IRS examined contained adjustments for inflated or unsubstantiated Schedule A employee business expenses.

27. For example, in 2007 Kyle prepared a return for an undercover IRS agent who posed as a customer that fabricated over $7,300 of unreimbursed employee business expenses, including over $1,900 of bogus laundry and cleaning expenses. Although Kyle did not sign the return, he conducted the interview with the undercover agent. Kyle promised the undercover agent that Kyle would use his "creative" mind to reduce the undercover agent's tax liability. The return was filed by Eagle Financial Services, LLC, the most recent business name used by Kyle's tax preparation business. Tyree signed the return, even though the undercover agent was interviewed only by Kyle.

28. On a Chula Vista, California customer's 2003 return, Kyle fabricated over $5,000

of employee business expenses, including over $1,600 of bogus laundry and upkeep expenses. The customer never incurred those expenses and is unaware of how Kyle arrived at the amounts claimed. This customer's 2005 return, which Tyree prepared, similarly included false deductions for employee business expenses, including false mileage expenses.

29. Kyle fabricated employee business expenses on the 2006 return of a San Diego couple. The couple's 2006 return falsely reported that the wife incurred business travel expenses of approximately $4,710. This customer provided no information to Kyle to support this claim and in fact did not incur any business travel expenses. The customer's Form 2106, "Unreimbursed Employee Business Expenses," also falsely claims that the customer had written evidence to support the reported travel expenses. This couple's 2006 return also falsely claimed over $2,400 for "work clothes and upkeep" expenses. This couple agreed to the IRS's adjustments to their 2006 return.

### Inflated or Bogus Charitable Contributions

30. Defendants continually and repeatedly prepare federal income tax returns claiming inflated or bogus charitable contributions.

31. Approximately 180 of the returns the defendants prepared and the IRS examined contained adjustments for inflated or unsubstantiated charitable contributions deductions.

32. Kyle fabricated charitable contribution deductions on the IRS undercover agent's 2006 return (prepared in 2007). The IRS undercover agent gave Kyle no information to support a claim for charitable deductions, yet the undercover agent's return claimed a $2,000 contribution to the Girl Scouts and a $500 non-cash contribution to Goodwill.

33. The 2003 return that Kyle prepared for the Chula Vista, California customer

described in paragraph 28 above, also fabricated over $3,500 of charitable contributions including a reported $500 non-cash contribution to Goodwill. This customer's 2005 return, which Tyree prepared, also reported false deductions for charitable contributions.

34. Kyle also inflated charitable contributions on the 2006 return he prepared for the San Diego couple described in paragraph 29. This customer gave Kyle documentation of cash contributions to the customer's church. However, the customer's return claimed a deduction for cash charitable contributions exceeding the amount supported by the customer's documentation and contained fabricated non-cash contributions to Goodwill in the amount of $500. This customer agreed with the IRS's adjustments.

### Inflated or Bogus Schedule C Business Expenses

35. Kyle and his tax preparation business continually and repeatedly prepared federal income tax returns claiming inflated or bogus Schedule C business expenses.

36. Approximately 138 of the returns the IRS examined contained inflated or unsubstantiated Schedule C business expenses.

37. For example, one Chula Vista customer's 2003 return (the same customer from paragraph 29) that Kyle prepared (using the business name COA Financial Network) claimed more than $2,000 in fabricated deductions for Schedule C business expenses. This customer did not incur these expenses and did not give Mr. Kyle information to support claimed deductions for these expenses.

### Failing to Sign Returns and to Provided Identification Numbers

38. Between 2004 and 2007, Kyle has repeatedly failed to sign returns that he has prepared for others.

39. Tyree, Kyle's office manager, repeatedly signed returns that Kyle prepared.

40. Kyle's failure to sign returns that he has prepared substantially interferes with the IRS's ability to properly enforce and administer internal revenue rules and regulations, including those that regulate the conduct of income tax return preparers.

41. In addition to failing to sign returns they prepare, between 2003 and 2007 Kyle and Tyree repeatedly failed to provide a preparer identification number on the returns they prepared.

42. By failing to provide a preparer identification number, Kyle and Tyree substantially interfere with the IRS's ability to properly enforce and administer internal revenue rules and regulations, including those that regulate the conduct of income tax return preparers.

**Count I: Injunction Under §§ 7407 and 7408**

43. The United States incorporates by reference the allegations in paragraphs 1 through 42.

44. Internal Revenue Code § 7407 authorizes the United State to seek an injunction against any tax preparer who has engaged in any "fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws," or who has "engaged in any conduct subject to penalty under section 6694 or 6695." Code § 7408 authorizes an injunction against anyone who has engaged in conduct subject to penalty under Code § 6701.

45. If a return preparer's misconduct is continual or repeated and the court finds that a narrower injunction (*i.e.* prohibiting specific enumerated conduct) would not be sufficient to prevent the preparer's interference with the proper administration of federal tax laws, the court may enjoin the person from further acting as a return preparer.

46. Section 6694 penalizes tax preparers who prepare a return or claim that contains a frivolous or unrealistic position, or who willfully attempt to understate a customer's tax liability on a return or claim, or who make an understatement on a return due to reckless or intentional disregard of rules or regulations.

47. The Defendants have continually and repeatedly prepared and submitted federal tax returns that contain unrealistic and frivolous positions and have willfully attempted to understate customers' correct tax liabilities, and have thus engaged in conduct subject to penalty under I.R.C. § 6694 and 6701.

48. Code Section 6695(b) penalizes tax return preparers for failing to sign returns they prepare, unless it is shown that such a failure is due to reasonable cause and not due to willful neglect.

49. Between 2004 and 2007, Kyle has continually and repeatedly failed to sign returns that he has prepared and thus has engaged in conduct subject to penalty under I.R.C. § 6695(b).

50. Code Section 6695(c) penalizes tax return preparers for failing to furnish an identifying number with respect to any return for which they are the return preparer.

51. Between 2004 and 2007, Kyle and Tyree continually and repeatedly failed to furnish an identifying number with respect to returns they signed and/or prepared.

52. The defendants have continually and repeatedly engaged in other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws.

53. Injunctive relief is appropriate to prevent this misconduct because, absent an injunction, the defendants are likely to continue to prepare false federal income tax returns and

engage in other misconduct of the type described in this complaint. Kyle has continued to engage in conduct subject to penalty under Code §§ 6694 and 6701 and continued to engage in other fraudulent or deceptive conduct even after he was aware the IRS was investigating his tax preparation business and after he was assessed penalties under Code § 6694.

54. The defendants should be permanently enjoined under Code § 7407 from acting as income tax return preparers because a more limited injunction would be insufficient to stop them from interfering with the proper administration of the tax laws. The defendants should be enjoined under Code § 7408 from further engaging in conduct subject to penalty under Code § 6701.

### Count II: Injunction under I.R.C. § 7402 for Unlawful Interference with the Enforcement of the Internal Revenue Laws

55. The United States incorporates by reference paragraphs 1 through 54.

56. Code § 7402(a) authorizes courts to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws." The remedies available to the United States under this statute "are in addition to and not exclusive of any and all other penalties." Code § 7402(a).

57. The defendants, through the actions described above, have engaged in conduct that substantially interferes with the administration and enforcement of the internal revenue laws, and are likely to continue to engage in such conduct unless enjoined. The defendants' conduct is causing irreparable injury to the United States and an injunction under Code § 7402(a) is necessary and appropriate.

58. Unless the defendants are enjoined, the IRS will have to devote substantial time and resources to identify and locate their customers, and then examine their customers' tax

2669960.9

returns and liabilities. Pursuing all individual customers may be impossible given the IRS's limited resources.

59. The defendants should be permanently enjoined under 26 U.S.C. § 7402(a) as it is necessary and appropriate for the enforcement of internal revenue laws.

WHEREFORE, the Plaintiff, United States of America, pray for the following relief:

A. That the Court find that the defendants have repeatedly and continually engaged in conduct subject to penalty under I.R.C. §§ 6694, 6695, and 6701 and that injunctive relief is appropriate under I.R.C. § 7407 and 7408 to bar each defendant from acting as an income-tax-return preparer and from engaging in conduct subject to penalty under Code § 6701;

B. That the Court find that the defendants have engaged in conduct that substantially interferes with the enforcement and administration of the internal revenue laws, and that injunctive relief against them is appropriate to prevent the recurrence of that conduct pursuant to I.R.C. §§ 7407 and 7402(a);

C. That the Court, under I.R.C. §§ 7402 and 7407, enter a permanent injunction permanently barring each defendant from acting as a federal-income-tax-return preparer and from preparing or filing federal tax returns for others, and from representing others before the IRS;

D. That the Court, under I.R.C. §§ 7402 and 7407, enter a permanent injunction prohibiting the defendants and their representatives, agents, servants, employees, attorneys, independent contractors, and anyone in active concert or participation with them, from directly or indirectly;

 (1) Preparing or filing, or assisting in, or directing the preparation or filing of any federal tax returns or amended returns or other related documents or

forms for any other person or entity;

(2) Engaging in any activity subject to penalty under I.R.C. §§ 6694 or 6695;

(3) Engaging in other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws;

(4) Engaging in any other activity subject to penalty under the I.R.C.; and

(5) Representing persons before the Internal Revenue Service.

E. That the Court, under I.R.C. § 7402, enter an injunction requiring the defendants to contact all persons and entities for whom they prepared any federal-income-tax returns or other tax-related documents after January 1, 2003, and inform those persons of the entry of the Court's findings concerning the falsity of representations the defendants made on their customers' tax returns, and that a permanent injunction has been entered against them;

F. That the Court, under I.R.C. § 7402, enter an injunction requiring the defendants to turn over to counsel for the United States a list of the names, addresses, e-mail addresses, phone numbers, and Social Security numbers of all individuals or entities for whom the defendants prepared or helped to prepare any tax-related documents, including claims for refund or tax returns since January 1, 2003;

G. That the Court order that the United States is permitted to engage in post-judgment discovery to ensure compliance with the permanent injunction; and

2669960.9

H. That this Court grant the United States such other relief, including costs, as is just and equitable.

Dated: November 13, 2007

>Respectfully submitted,
>KAREN P. HEWITT
>United States Attorney
>
>_____
>JOHN R. MONROE
>IA Bar No. 0008881
>Trial Attorney, Tax Division
>U.S. Department of Justice
>P.O. Box 7238
>Washington, D.C. 20044
>Telephone: (202) 307-0638
>Fax: (202) 514-6770
>E-mail: john.r.monroe@usdoj.gov
>Attorneys for Plaintiff

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Roosevelt Kyle; Rebecca Tyree; COA Financial Group, LLC; Eagle Financial Services, Inc.

FILED
07 NOV 15 PM 3:58
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John R. Monroe, U.S. Department of Justice, P.O. Box 7238, Washington, D.C. 20044, 202-307-0638

Attorneys (If Known)
'07 CV 2187 IEG NLS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
26 U.S.C. Sections 7402, 7407, 7408

Brief description of cause:
suit for injunction relief to enjoin defendants from preparing federal income tax returns for others

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  11/13/2007
SIGNATURE OF ATTORNEY OF RECORD
John Monroe, Attorney for Plaintiff

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____