1  Roosevelt Kyle
   c/o P O Box 1503
   National City, California State [91951]

FILED

07 DEC 21 PM 2:39

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ *JAN* _____
                              DEPUTY

      IN THE UNITED STATES DISTRICT COURT FOR THE

            SOUTHERN DISTRICT OF CALIFORNIA


UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )     in Admiralty
vs.                                ) Case No.07CV2187-IEG-NLS
                                   )
                                   )
ROOSEVELT KYLE, individually or    )
d/b/a CENTURY ONE RESORTS,LTD      )
or CENTURY ONE ASSOCIATES;         )
REBECCA TYREE a/k/a RUBEE TYREE    )
Or RUBY TYREE; COA FINANCIAL       )
GROUP, LLC d/b/a COA FINANCIAL     )
NETWORK TRUST c/o T&N FASHION; and )
EAGLE FINANCIAL SERVICES, LLC      )
                                   )     **NOTICE OF COUNTERCLAIM**
            Defendants             )
                                   )     **AND ANSWER**
                                   )
ROOSEVELT KYLE                     )
                                   )
            3rd Party Plaintiff )
                                   )

Roosevelt Kyle                    - 1

1 | vs.                                    )        **FILE ON DEMAND**
  |                                        )
  | JOHN R. MONROE, IA #0008881            )
2 | Does 1 through 1000                     )
  |                                        )
  |            3rd Party Defendant )
3 |                                        )
  | Roosevelt Kyle                         )
  | Real Party in Interest                 )
4 |

5 | **NOTICE OF COUNTERCLAIM AND ANSWER AND LIABILITY OF 3RD PARTY DEFENDANT**

6 | COMES NOW Roosevelt Kyle, a Real Party in Interest and

7 | Authorized representative for ROOSEVELT KYLE, who is neutral

  | in the public, who is unschooled in law, and making a special

8 | appearance before this court under the supplemental rules of

  | Admiralty, Rule E(8), a restricted appearance, without

9 | granting jurisdiction, and notices the court of enunciation

10 | of principles as stated in *Haines v.Kerner,* 404 U.S. 519,

11 | wherein the court has directed that those who are unschooled

  | in law making pleadings and/or complaints shall have the

12 | court look to the substance of the pleadings rather in than

  | the form, and hereby makes the following pleadings/notices in

13 | the above referenced matter without waiver of any other

14 | defenses.

15 | **NOTICE:**

  | The alleged, John R. Monroe, IA #0008881, Trial Attorney and

16 | Does 1 through 1000, Attorney(s) for Plaintiff having failed to

17 | state a claim upon which relief can be granted.  Further there

Roosevelt Kyle                    - 2

being no "Bond of Record" I, Roosevelt Kyle bond this case No. 07CV2187-IEG-NLS, John R. Monroe, IA #0008881, Trial Attorney and Does 1 through 1000, with the attached "Unlimited Posted Bond which is submitted".  In international law and according to the law of the land, agents of a foreign principal are required to file any pretended claim in the appropriate district court prior to exercising rights to that claim.  The district courts have "exclusive original cognizance" of all inland seizures and this includes vessels in rem (Rule C (3)) such as trust organizations and legal names "...the UNITED STATES / THE UNITED STATES OF AMERICA ... within their respective districts, as well as upon the high seas; (a)saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it; and shall also have exclusive original cognizance of all seizures on land,..." The First Judiciary Act; September 24, 1789;Chapter 20, page 77. The Constitution of the United States of America, Revised and Annotated - Analysis and Interpretation - 1982; Article III, §2, Cl. 1 Diversity of Citizenship, U.S. Government Printing Office document 99-16, p. 741.  This fact of protocol - filing a claim in district court according to international law - is beyond dispute and extends into antiquity:

Roosevelt Kyle                          - 3

1   "Meanwhile those who seized wreck ashore without a grant from

2   the Crown did so at their peril." Select Pleas in the Court
    of Admiralty, Volume II, A.D. 1547-1602; Introduction -

3   Prohibitions, Note as to the early Law of Wreck, Selden

4   Society, p. xl, 1897.

5                    **ANSWER AND NEGATIVE AVERMENT**

    San Diego County      )
                          )   affirmed
6   California State      )

7   I, Roosevelt Kyle, over the age of twenty-one years, competent
    to witness and with firsthand knowledge do affirm and say

8   that:

    ROOSEVELT KYLE, Affiant, herein answers the allegations of
9   Plaintiff, to wit:

10  1. Affiant accepts that Plaintiff is engaged in state
       /interstate commerce, but denies that Defendant owes a

11     debt to Plaintiff.  There is no evidence that Defendant

12     owes any debt to Plaintiff, and Affiant believes that
       none exists.

13
    2. The aledged allegation in the complaint which merits no
14     answer does not show the nature and cause of any action,
       nor averment to the contrary.  It is therefore denied.

15
    3. Affiant denies that Defendant, a fiction incapable of
16     contract, entered into any agreement with Plaintiff in

17     regards to any contract.  There is no verified evidence

Roosevelt Kyle                    - 4

that Defendant entered into any agreement with Plaintiff,
and Affiant believes that none exists. Affiant denies that
a "copy" of any writing, especially unverified, is a
contract in fact, and is does not rise to the level of
evidence, neither prima facia nor conclusive.

4. Affiant denies that there is any amount owing, and that
Plaintiff is "damaged" [Affiant is unsure why attorney for
Plaintiff is claiming some damage prior to prove up of some
injury, real or imagined] by Defendant.  There is no
evidence that there is any amount owing, and that Plaintiff
is "damaged" by Defendant.

5. Affiant denies that there is any agreement, and hence
impossibility of breach and Plaintiff cannot declare any
indebtedness, in part or in full.  There is no evidence
that there is any agreement in this matter, nor breach, nor
ability to make a declaration in regards to same, and
Affiant believes that none exists.

6. Affiant denies that there is any "conditions precedent" to
be performed by Plaintiff, nor any other party, as there is
no contract in evidence.  There is no evidence that
Plaintiff has performed any conditions precedent, and
Affiant believes that none exists.

7. As to "WHEREFORE, Plaintiff demands judgment against
Defendant":  DENIED is answered by Affiant.  Attorney for

Roosevelt Kyle                    - 5

1    Plaintiff is blatantly acting in **bad faith**, seeking a

2    remedy without first charging a claim, acting *ultra vires*,

     and trying to use legal process for unlawful ends.

3
                          **CONCLUSION OF ANSWER**
4

5    8. Affiant notices that Attorney for Plaintiff is foreign to

        this jurisdiction, representing a foreign entity, and has

6       not followed protocol for seeking a remedy in the public.

     9. Affiant notices that Attorney for plaintiff is guilty of
7
        obstruction of national bankruptcy, as ROOSEVELT KYLE is a

8       UNITED STATES vessel, and that the UNITED STATES is the

        holder of the principal obligation in this matter, and not
9
        Roosevelt Kyle, a living, breathing, sentient being.  This

10      fiction court, nor the attorney for the fiction Plaintiff,

        nor the Defendant, can reach parity with the living,
11
        breathing, sentient being.  **Equality under the law is**

12      **paramount.**

13   **THERE IS NO EVIDENCE THAT Roosevelt Kyle IS THE SURETY FOR**

14   **ROOSEVELT KYLE, and Affiant believes that none exists.**

15                          **NOTICE TO THE COURT**

16   10. This court on its own motion ought to dismiss with

        prejudice this case for failure to state a claim by the
17

Roosevelt Kyle                    - 6

1   protocols of admiralty jurisdiction, and <u>for failure by</u>

2   <u>Attorney for Plaintiff to exhaust administrative remedies</u>

    <u>before bringing this matter into this "tax supported"</u>

3   <u>court, causing **fraud** upon the tax payers of this state.</u>

4                        **AFFIRMATIVE DEFENSES**

5   11. Defendant reserves the right to make any and all

6   affirmative defenses in the event that Attorney for

    Plaintiff can successfully rebut any or all of the negative

7   averments.

8                           **COUNTERCLAIM**

9   12. Having been nominated and appointed as Fiduciary Debtor in

10  Case No. 07CV2187-IEG-NLS (see attached Exhibit A), John R.

    Monroe, IA #0008881, Trial Attorney, and Does 1 through

11  1000 **<u>alleged</u>** Attorney(s) for Plaintiff, have a duty as

12  DEBTOR in this matter and as TRUSTEE to settle the account

13  and close this instant case in a timely manner. This case,

    having been Accepted for Value and Returned for Settlement

14  (see attached Exhibit B) to the attorney for Plaintiff, is

15  now the liability of the 3rd Party Defendant, John R.

    Monroe, IA # 0008881,and Does 1 through 1000.

16

17

Roosevelt Kyle                    - 7

**RELIEF SOUGHT**

13. Roosevelt Kyle, a Real Party in Interest in this matter
    and an injured third party intervenor, is of this date
    injured in this instant matter.  Roosevelt Kyle is
    entitled to the forfeiture of the public hazard bond of
    John R. Monroe, IA #0008881, Trial Attorney and Does 1
    through 1000, by tort claim in the amount of Four Hundred
    Nineteen Thousand Seven Hundred Twenty Five U.S.D.
    ($419,725.00 U.S.D.) in functional currency of the United
    States plus three (3) times punitive which is One Million
    Two Hundred Fifty Nine Thousand One Hundred Seventy Five
    U.S.D. ($1,259,175.00 U.S.D.), being in total One Million
    Six Hundred Seventy Eight Thousand Nine Hundred
    U.S.D. ($1,678,900.00 U.S.D.)

14. Roosevelt Kyle requests the court to award any other
    equitable relief deemed justified in this instant matter,
    and to close this case.


I, Roosevelt Kyle, on my own unlimited commercial
liability do affirm and say that I have read the above
'affidavit pleading' and do know the contents to be true,
correct and complete, and not misleading, the truth, the
whole truth, and nothing but the truth.

Roosevelt Kyle                        - 8

1

2

Roosevelt Kyle                    December 19th, 2007

                                  Date

3

I, _C. Morton_____, a Notary Public
residing in San Diego county, California state, do say that
a man known to me as Roosevelt Kyle, did appear before me
in his true character, and did affix his signature on the
above document on the _19th_ day of _December_ month,
2007.

4

5

6

C Morton_____          12/19/07

7

NOTARY                            Date

                    seal

8

                    **CONCLUSION**

```
C. MORTON
COMM. # 1741918
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
MY COMM. EXP. APR. 26, 2011
```

9

Wherefore, 3rd Party Plaintiff demands that 3rd Party
Defendant/Fiduciary Debtor settle this matter and close this
case immediately.  Failure of 3rd Party Defendant/Fiduciary
Debtor to settle this matter immediately will give rise to a
suit in admiralty for libel.

10

11

12

Roosevelt Kyle                    December 19th, 2007

13

                                  Date

14

15

16

17

1

## CERTIFICATE OF MAILING AND CONTENTS MAILED

2   I, Roosevelt Kyle, being over the age of twenty-one years,
competent to witness and with firsthand knowledge do say that
on the _____ day of _____ month, 2007, I did cause to be
3   mailed via US Postal Service, by first class mail, postage
prepaid the above NOTICE OF ANSWER AND COUNTERCLAIM to:

4
John R. Monroe IA #0008881
U.S. Department of Justice
5   P.O. Box 7238
Washington, DC 20044

6

7   _____          December ~~19th~~ 2/st, 2007

8   Roosevelt Kyle, authorized               Date

Representative for ROOSEVELT KYLE

9

10

11

12

13

14

15

16

17

Roosevelt Kyle                    - 10

*Exhibit A*

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

Roosevelt Kyle
c/o P.O. Box 1503
National City, California [91951]

**05-7044431624**

**10/06/2005  15:24**

**FILED**

CALIFORNIA
SECRETARY OF STATE

SOS

5384470002   UCC 1 FILING

THE                                                          Y

**1. DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|---|
| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| | KYLE | ROOSEVELT | | | | JR |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| c/o P.O.BOX 1503 | NATIONAL CITY | CA | 91951 | US |

| 1d. TAX ID #:  SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| 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 | | TRANSMITTING UTILITY | | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|---|
| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| | NEELY | SONJA | | MARIE | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| c/o 2840 C STREET, UNIT 5 | SAN DIEGO | CA | 92102 | US |

| 2d. TAX ID #:  SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| 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 | | TRANSMITTING UTILITY | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

| | 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|---|
| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| | Kyle | Roosevelt | | | | Jr |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| c/o P.O.BOX 1503 | National City | Ca | 91951 | us |

**4. This FINANCING STATEMENT covers the following collateral:**

This is the entry of the Debtor in Commercial Registry as a transmitting utility and the following properties is hereby registered in the same: Certificate of Birth Document(s)#589736 (copy(s) attached;California State Driver's License #PO230712;Employer Identification#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; Treasury Direct Number 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; All Property Is Accepted For Value and is Exempt from Levy. Adjustment of this filing is from Public Policy HJR-192 and UCC 10-104. All proceeds, products, accounts and fixtures, and the Orders therefrom are released to the debtor. Social Security Number(s) #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, #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, Birth Certificate(s) #1093970, #8009-02737 and Drivers License(s) #B8231645, #B5162657.

| 5. ALTERNATIVE DESIGNATION (if applicable) | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. | This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.     Attach Addendum | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [if applicable]     [ADDITIONAL FEE]     [optional] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|---|

**8. OPTIONAL FILER REFERENCE DATA**

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

*Exhibit B.*

Summons in a Civil Action (Rev 11/97)

**FILED**

07 NOV 15 PM 3: 54

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: *PW*    DEPUTY

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

United States of America
Plaintiff

vs

Roosevelt Kyle, individually or d/b/a
Century One Resorts, Ltd. or
Century One Associates; Rebecca
Tyree, a/k/a Rubee Tyree or Ruby
Tyree; COA Financial Group, LLC
d/b/a COA Financial Network Trust
c/o T&N Fashion; and Eagle
Financial Services, LLC.

**SUMMONS IN A CIVIL ACTION**

Case No.

'07CV 2187 IEG    NLS

TO: (Name and Address of Defendant)

Roosevelt Kyle
2840 C Street, Apt. #5
San Diego, CA 92102

    YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and
serve upon PLAINTIFF'S ATTORNEY

John Monroe
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044

    An answer to the complaint which is herewith served upon you, within ___20___ days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment
by default will be taken against you for the relief demanded in the complaint.

W. Samuel Hamrick, Jr.

R DE LA CRUZ

By _____, Deputy Clerk

**NOV 1 5 2007**

DATE

Summons in a Civil Action

Page 1 of 2

::ODMA\PCDOCS\WORDPERFECT\14443\1 May 5, 1999 (11:34am)

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me | DATE |
| NAME OF SERVER | TITLE |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant.  Place where served: _____

☐ Left copies thereof at the defendant's dwelling, house or usual place of abode with a person of suitable age and discretion then residing therein:

   Name of person with whom the summons and complaint were left: _____

☐ Return unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | | SERVICES | TOTAL $0.00 | |
|---|---|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service is true and correct.

Executed on: _____

Date          Signature of Server

_____
Address of Server

### NOTICE OF RIGHT TO CONSENT TO TRIAL BY A UNITED STATES MAGISTRATE

IN ACCORDANCE WITH THE PROVISION OF 28 USC 636(C) YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE OF THIS DISTRICT MAY, UPON CONSENT OF ALL PARTIES, CONDUCT ANY OR ALL PROCEEDINGS, INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL JUDGMENT. COUNSEL FOR THE PLAINTIFF HAS RECEIVED A CONSENT FORM.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT CONSENT IS ENTIRELY VOLUNTARY AND SHOULD BE COMMUNICATED SOLELY TO THE CLERK OF COURT.  ONLY IF ALL PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE TO WHOM THE CASE HAS BEEN ASSIGNED BE INFORMED OF YOUR DECISION.

JUDGEMENTS OF THE U.S. MAGISTRATES ARE APPEALABLE TO THE U.S. COURT OF APPEALS IN ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEDURE.

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

Page 2 of 2

::ODMA\PCDOCS\WORDPERFECT\14443\1 May 5, 1999 (11:34am)

FILED

07 NOV 15 PM 3: 39

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                    DEPUTY

1  KAREN P. HEWITT
   United States Attorney
2

3  JOHN R. MONROE
   IA Bar No. 0008881
4  Trial Attorney, Tax Division
   U.S. Department of Justice
5  P.O. Box 7238
   Washington, DC 20044
6  Telephone: 202-307-0638
7  Facsimile: 202-514-6770
   john.r.monroe@usdoj.gov
8



9           IN THE UNITED STATES DISTRICT COURT FOR THE
               SOUTHERN DISTRICT OF CALIFORNIA
10

11 UNITED STATES OF AMERICA,            )
                                        )
12            Plaintiff,                 )      '07CV 2187 IEG      NLS
                                        )
13       v.                             )      Case No.
                                        )
14 ROOSEVELT KYLE, individually or      )
15 d/b/a CENTURY ONE RESORTS, LTD       )      COMPLAINT FOR
   or CENTURY ONE ASSOCIATES;           )      PERMANENT INJUNCTION
16 REBECCA TYREE a/k/a/ RUBEE TYREE      )
17 or RUBY TYREE;                       )
   COA FINANCIAL GROUP, LLC d/b/a COA    )
18 FINANCIAL NETWORK TRUST c/o T&N       )
19 FASHION;                             )
   and                                  )
20 EAGLE FINANCIAL SERVICES, LLC        )
                                        )
21            Defendants.                )

22

23       Plaintiff, United States of America, for its complaint against Roosevelt Kyle, individually

24 and doing business as Century One Resorts, Ltd. or Century One Associates; Rebecca Tyree, also

25 known as Ruby or Rubee Tyree; COA Financial Group, LLC, doing business as COA Financial

26 Network Trust c/o T&N Fashion; and Eagle Financial Services, LLC, states as follows:
27

28

2669960.9

1.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1340 and 1345 and 26 U.S.C. §§ 7402(a), 7407 and 7408.

2.      This suit is brought under §§ 7402, 7407, and 7408 of the Internal Revenue Code (26 U.S.C.) (I.R.C.) to enjoin Roosevelt Kyle, individually and doing business as Century One Resorts, Ltd. or Century One Associates; Rebecca Tyree; COA Financial Group, LLC; and Eagle Financial Services, LLC, as follows:

      (a)    Preparing or filing, or assisting in, or directing the preparation or filing of any federal income tax return, amended return or other related documents and forms for any other person or entity;

      (b)    Engaging in any activity subject to penalty under I.R.C. §§ 6694, 6695, or 6701;

      (c)    Engaging in other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws;

      (d)    Engaging in any other activity subject to penalty under the I.R.C.; and

      (e)    Representing persons before the Internal Revenue Service.

3.      This action has been requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and commenced at the direction of the Attorney General of the United States, pursuant to Code §§ 7402, 7407, and 7408.

## Defendants

4.      Defendants Kyle and Tyree reside in San Diego, California, in this judicial district and do business in this judicial district.

5.      Kyle has prepared tax returns for others for compensation since 1983, with the exception of 2006 when he was incarcerated in federal prison for willfully failing to file federal income tax returns.

-2-

2669960.9

6.      Defendant Rebecca Tyree, also known as Rubee or Ruby Tyree, formerly was a receptionist for Kyle's tax preparation business, but is now the office manager. Tyree prepares returns for others for compensation. Tyree also signs returns for which Kyle is the return preparer.

7.      Over the last eight years, Kyle has operated his tax preparation business using several entities or names, including Century One Resorts, COA Financial Group, LLC, and Eagle Financial Services, LLC. Kyle stopped personally signing returns in 2004, but Kyle still interviews customers and prepares returns that are signed by others. He does this to thwart IRS efforts to detect his illegal conduct.

8.      The following numbers of returns were filed under the Employer Identification Numbers of the entities listed in paragraph 2 above and under Kyle's identification number:

| Name of Person/Entity | Number Returns Filed by Entity from 2000-2007: | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | 2007* |
| Roosevelt Kyle | 1572 | 1632 | 1864 | 136 | 12 | 2 | 1 | 5 |
| Century One Resorts | 0 | 0 | 0 | 1451 | 2511 | 57 | 4 | 2 |
| COA Financial Network Trust/COA Financial Group, LLC | 0 | 0 | 0 | 0 | 0 | 2527 | 34 | 7 |
| Eagle Financial Services, LLC | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1136 |

* As of September 27, 2007

9.      According to public records, Defendant Eagle Financial Services, LLC, was

-3-

2669960.9

formed in January 2007 and Roosevelt Kyle is listed as its agent for service of process. Kyle

reopened his tax preparation business as Eagle Financial Services, LLC, in 2007 after he was

released from prison.

10.    According to public records, COA Financial Group, LLC, was formed in June

2004 and Roosevelt Kyle is its agent for service of process.

### Defendants' Tax Preparation Business

11.    On average Kyle and his businesses prepared and filed approximately 1,500

returns per year since 2000.

12.    Kyle most recently operated his business from 2414 Hoover Avenue, National

City, CA 91950, in the San Diego metropolitan area.

13.    Kyle, individually and through the named entities, and Tyree prepare federal

income tax returns that unlawfully understate their customers' tax liabilities, most commonly by

fabricating or inflating deductions on Schedule A, "Itemized Deductions," and Schedule C,

"Profit or Loss from Business."

14.    The defendants' customers are generally wage earners who are not familiar with

internal revenue laws, rules and regulations.

15.    The defendants generate new business through word of mouth as they gain a

reputation for being able to generate larger tax refunds than other return preparers.

16.    As a direct result of the defendants' fraudulent return preparation, their customers

have filed federal income tax returns understating their federal income tax liabilities and

claiming large income tax refunds to which they were not entitled.

-4-

2669960.9

## IRS's Investigation

17.     As of September 26, 2007, the IRS has examined approximately 254 returns prepared between 2002 and 2007 by Kyle and Tyree under the auspices of Century One Associates, COA Financial Network, or Eagle Financial Services.  The examinations revealed that all but approximately eight of the returns understated the customer's tax liability.  The IRS is continuing to examine returns prepared by Kyle, Tyree, and Eagle Financial Services.

18.     Customers consented to the IRS's adjustments on approximately 127 of the examined returns.  The total of the agreed tax understatements on those returns was $419,725 which was an average understatement of approximately $3,304 per return.

19.     The defendants prepared the 254 examined returns for approximately 218 customers and 116 of those customers consented to the IRS's adjustments to their returns.

20.     In 2007 the IRS conducted an undercover investigation of Kyle and his tax preparation business, which was operating as Eagle Financial Services, LLC.  An IRS undercover agent posed as a customer and paid Kyle to prepare a tax return.  Kyle conducted the tax preparation interview with the undercover agent, but the return was signed by Rebecca Tyree, Kyle's office manager and business associate.  The return Kyle prepared for the undercover agent fabricated employee business expenses and charitable deductions.

21.     The estimated tax loss caused by the defendants' misconduct between 2002 and 2007 is approximately $18 million.

22.     Kyle has known about the IRS's investigations of his tax preparation business and activities since at least 1987, but has repeatedly and continually engaged in improper and enjoinable conduct.

2669960.9

23.    In 1987 the IRS assessed against Kyle two preparer penalties under 26 U.S.C.

§ 6694 for conduct occurring in 1983 and 1984, and in 1998 the IRS assessed against Kyle

another penalty under 26 U.S.C. § 6694 for negligently understating the tax liability of a

customer on return prepared in 1995.

24.    The defendants willfully, intentionally, and/or recklessly understate their

customers' income tax liabilities by preparing returns that improperly contain fabricated or

inflated deductions on Schedules A and C.

### Inflated or Bogus Schedule A Employee Business Expenses

25.    The defendants continually and repeatedly prepare federal income tax returns

claiming inflated or bogus Schedule A employee business expenses to offset customers' Form

W-2 wage income.

26.    Approximately 167 of the returns the IRS examined contained adjustments for

inflated or unsubstantiated Schedule A employee business expenses.

27.    For example, in 2007 Kyle prepared a return for an undercover IRS agent who

posed as a customer that fabricated over $7,300 of unreimbursed employee business expenses,

including over $1,900 of bogus laundry and cleaning expenses. Although Kyle did not sign the

return, he conducted the interview with the undercover agent. Kyle promised the undercover

agent that Kyle would use his "creative" mind to reduce the undercover agent's tax liability. The

return was filed by Eagle Financial Services, LLC, the most recent business name used by Kyle's

tax preparation business. Tyree signed the return, even though the undercover agent was

interviewed only by Kyle.

28.    On a Chula Vista, California customer's 2003 return, Kyle fabricated over $5,000

-6-

2669960.9

of employee business expenses, including over $1,600 of bogus laundry and upkeep expenses.

The customer never incurred those expenses and is unaware of how Kyle arrived at the amounts

claimed. This customer's 2005 return, which Tyree prepared, similarly included false deductions

for employee business expenses, including false mileage expenses.

29.   Kyle fabricated employee business expenses on the 2006 return of a San Diego

couple. The couple's 2006 return falsely reported that the wife incurred business travel expenses

of approximately $4,710. This customer provided no information to Kyle to support this claim

and in fact did not incur any business travel expenses. The customer's Form 2106,

"Unreimbursed Employee Business Expenses," also falsely claims that the customer had written

evidence to support the reported travel expenses. This couple's 2006 return also falsely claimed

over $2,400 for "work clothes and upkeep" expenses. This couple agreed to the IRS's

adjustments to their 2006 return.

### Inflated or Bogus Charitable Contributions

30.   Defendants continually and repeatedly prepare federal income tax returns claiming

inflated or bogus charitable contributions.

31.   Approximately 180 of the returns the defendants prepared and the IRS examined

contained adjustments for inflated or unsubstantiated charitable contributions deductions.

32.   Kyle fabricated charitable contribution deductions on the IRS undercover agent's

2006 return (prepared in 2007). The IRS undercover agent gave Kyle no information to support a

claim for charitable deductions, yet the undercover agent's return claimed a $2,000 contribution

to the Girl Scouts and a $500 non-cash contribution to Goodwill.

33.   The 2003 return that Kyle prepared for the Chula Vista, California customer

-7-

2669960.9

described in paragraph 28 above, also fabricated over $3,500 of charitable contributions including a reported $500 non-cash contribution to Goodwill. This customer's 2005 return, which Tyree prepared, also reported false deductions for charitable contributions.

34.    Kyle also inflated charitable contributions on the 2006 return he prepared for the San Diego couple described in paragraph 29. This customer gave Kyle documentation of cash contributions to the customer's church. However, the customer's return claimed a deduction for cash charitable contributions exceeding the amount supported by the customer's documentation and contained fabricated non-cash contributions to Goodwill in the amount of $500. This customer agreed with the IRS's adjustments.

### Inflated or Bogus Schedule C Business Expenses

35.    Kyle and his tax preparation business continually and repeatedly prepared federal income tax returns claiming inflated or bogus Schedule C business expenses.

36.    Approximately 138 of the returns the IRS examined contained inflated or unsubstantiated Schedule C business expenses.

37.    For example, one Chula Vista customer's 2003 return (the same customer from paragraph 29) that Kyle prepared (using the business name COA Financial Network) claimed more than $2,000 in fabricated deductions for Schedule C business expenses. This customer did not incur these expenses and did not give Mr. Kyle information to support claimed deductions for these expenses.

### Failing to Sign Returns and to Provided Identification Numbers

38.    Between 2004 and 2007, Kyle has repeatedly failed to sign returns that he has prepared for others.

-8-

2669960.9

39.     Tyree, Kyle's office manager, repeatedly signed returns that Kyle prepared.

40.     Kyle's failure to sign returns that he has prepared substantially interferes with the IRS's ability to properly enforce and administer internal revenue rules and regulations, including those that regulate the conduct of income tax return preparers.

41.     In addition to failing to sign returns they prepare, between 2003 and 2007 Kyle and Tyree repeatedly failed to provide a preparer identification number on the returns they prepared.

42.     By failing to provide a preparer identification number, Kyle and Tyree substantially interfere with the IRS's ability to properly enforce and administer internal revenue rules and regulations, including those that regulate the conduct of income tax return preparers.

### Count I: Injunction Under §§ 7407 and 7408

43.     The United States incorporates by reference the allegations in paragraphs 1 through 42.

44.     Internal Revenue Code § 7407 authorizes the United State to seek an injunction against any tax preparer who has engaged in any "fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws," or who has "engaged in any conduct subject to penalty under section 6694 or 6695." Code § 7408 authorizes an injunction against anyone who has engaged in conduct subject to penalty under Code § 6701.

45.     If a return preparer's misconduct is continual or repeated and the court finds that a narrower injunction (*i.e.* prohibiting specific enumerated conduct) would not be sufficient to prevent the preparer's interference with the proper administration of federal tax laws, the court may enjoin the person from further acting as a return preparer.

2669960.9

46.    Section 6694 penalizes tax preparers who prepare a return or claim that contains a frivolous or unrealistic position, or who willfully attempt to understate a customer's tax liability on a return or claim, or who make an understatement on a return due to reckless or intentional disregard of rules or regulations.

47.    The Defendants have continually and repeatedly prepared and submitted federal tax returns that contain unrealistic and frivolous positions and have willfully attempted to understate customers' correct tax liabilities, and have thus engaged in conduct subject to penalty under I.R.C. § 6694 and 6701.

48.    Code Section 6695(b) penalizes tax return preparers for failing to sign returns they prepare, unless it is shown that such a failure is due to reasonable cause and not due to willful neglect.

49.    Between 2004 and 2007, Kyle has continually and repeatedly failed to sign returns that he has prepared and thus has engaged in conduct subject to penalty under I.R.C. § 6695(b).

50.    Code Section 6695(c) penalizes tax return preparers for failing to furnish an identifying number with respect to any return for which they are the return preparer.

51.    Between 2004 and 2007, Kyle and Tyree continually and repeatedly failed to furnish an identifying number with respect to returns they signed and/or prepared.

52.    The defendants have continually and repeatedly engaged in other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws.

53.    Injunctive relief is appropriate to prevent this misconduct because, absent an injunction, the defendants are likely to continue to prepare false federal income tax returns and

2669960.9

engage in other misconduct of the type described in this complaint. Kyle has continued to

engage in conduct subject to penalty under Code §§ 6694 and 6701 and continued to engage in

other fraudulent or deceptive conduct even after he was aware the IRS was investigating his tax

preparation business and after he was assessed penalties under Code § 6694.

54.    The defendants should be permanently enjoined under Code § 7407 from acting as

income tax return preparers because a more limited injunction would be insufficient to stop them

from interfering with the proper administration of the tax laws. The defendants should be

enjoined under Code § 7408 from further engaging in conduct subject to penalty under

Code § 6701.

## Count II: Injunction under I.R.C. § 7402 for Unlawful Interference with the Enforcement of the Internal Revenue Laws

55.    The United States incorporates by reference paragraphs 1 through 54.

56.    Code § 7402(a) authorizes courts to issue injunctions "as may be necessary or

appropriate for the enforcement of the internal revenue laws." The remedies available to the

United States under this statute "are in addition to and not exclusive of any and all other

penalties." Code § 7402(a).

57.    The defendants, through the actions described above, have engaged in conduct

that substantially interferes with the administration and enforcement of the internal revenue laws,

and are likely to continue to engage in such conduct unless enjoined. The defendants' conduct is

causing irreparable injury to the United States and an injunction under Code § 7402(a) is

necessary and appropriate.

58.    Unless the defendants are enjoined, the IRS will have to devote substantial time

and resources to identify and locate their customers, and then examine their customers' tax

-11-

2669960.9

1    returns and liabilities.  Pursuing all individual customers may be impossible given the IRS's

2    limited resources.

3          59.    The defendants should be permanently enjoined under 26 U.S.C. § 7402(a) as it is

4    necessary and appropriate for the enforcement of internal revenue laws.

5          WHEREFORE, the Plaintiff, United States of America, pray for the following relief:

6          A.    That the Court find that the defendants have repeatedly and continually engaged in

7    conduct subject to penalty under I.R.C. §§ 6694, 6695, and 6701 and that injunctive relief is

8    appropriate under I.R.C. § 7407 and 7408 to bar each defendant from acting as an income-tax-

9    return preparer and from engaging in conduct subject to penalty under Code § 6701;

10         B.    That the Court find that the defendants have engaged in conduct that substantially

11   interferes with the enforcement and administration of the internal revenue laws, and that

12   injunctive relief against them is appropriate to prevent the recurrence of that conduct pursuant to

13   I.R.C. §§ 7407 and 7402(a);

14         C.    That the Court, under I.R.C. §§ 7402 and 7407, enter a permanent injunction

15   permanently barring each defendant from acting as a federal-income-tax-return preparer and from

16   preparing or filing federal tax returns for others, and from representing others before the IRS;

17         D.    That the Court, under I.R.C. §§ 7402 and 7407, enter a permanent injunction

18   prohibiting the defendants and their representatives, agents, servants, employees, attorneys,

19   independent contractors, and anyone in active concert or participation with them, from directly or

20   indirectly;

21              (1)    Preparing or filing, or assisting in, or directing the preparation or filing of

22                     any federal tax returns or amended returns or other related documents or

-12-

2669960.9

forms for any other person or entity;

(2)    Engaging in any activity subject to penalty under I.R.C. §§ 6694 or 6695;

(3)    Engaging in other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws;

(4)    Engaging in any other activity subject to penalty under the I.R.C.; and

(5)    Representing persons before the Internal Revenue Service.

E.    That the Court, under I.R.C. § 7402, enter an injunction requiring the defendants to contact all persons and entities for whom they prepared any federal-income-tax returns or other tax-related documents after January 1, 2003, and inform those persons of the entry of the Court's findings concerning the falsity of representations the defendants made on their customers' tax returns, and that a permanent injunction has been entered against them;

F.    That the Court, under I.R.C. § 7402, enter an injunction requiring the defendants to turn over to counsel for the United States a list of the names, addresses, e-mail addresses, phone numbers, and Social Security numbers of all individuals or entities for whom the defendants prepared or helped to prepare any tax-related documents, including claims for refund or tax returns since January 1, 2003;

G.    That the Court order that the United States is permitted to engage in post-judgment discovery to ensure compliance with the permanent injunction; and

-13-

2669960.9

1    H.    That this Court grant the United States such other relief, including costs, as is just

2    and equitable.

3

4

5        Dated: November 13, 2007

6                                         Respectfully submitted,
                                          KAREN P. HEWITT
7                                         United States Attorney

8

9                                         JOHN R. MONROE
                                          IA Bar No. 0008881
10                                        Trial Attorney, Tax Division
                                          U.S. Department of Justice
11                                        P.O. Box 7238
                                          Washington, D.C. 20044
12                                        Telephone: (202) 307-0638
                                          Fax: (202) 514-6770
13                                        E-mail: john.r.monroe@usdoj.gov
                                          Attorneys for Plaintiff
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                          -14-                              2669960.9

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
07 NOV 15 PM 3: 59

**I. (a)  PLAINTIFFS**

United States of America

**DEFENDANTS**

Roosevelt Kyle; Rebecca Tyree; CQA Financial Group, LLC; Eagle Financial Services

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b)**  County of Residence of First Listed Plaintiff _____

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

John R. Monroe, U.S. Department of Justice, P.O. Box 7238, Washington, D.C. 20044, 202-307-0638

Attorneys (If Known)

'07 CV 2187 IEG   NLS

**II.  BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

☒ 1   U.S. Government Plaintiff

☐ 2   U.S. Government Defendant

☐ 3   Federal Question (U.S. Government Not a Party)

☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V.  ORIGIN**   (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

**VI.  CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
26 U.S.C. Sections 7402, 7407, 7408

Brief description of cause:
suit for injunction relief to enjoin defendants from preparing federal income tax returns for others

**VII.  REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☒ No

**VIII.  RELATED CASE(S) IF ANY**   (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   11/13/2007

SIGNATURE OF ATTORNEY OF RECORD   John Monroe, Attorney for Plaintiff

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____