KAREN P. HEWITT
United States Attorney

JOHN R. MONROE
IA Bar No. 0008881
U.S. Department of Justice - Tax Division
P.O. Box 7238
Washington, DC  20044
Telephone: 202-307-0638
Facsimile: 202-514-6770
john.r.monroe@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,           )
                                )
      v.                         )   Case No. 07-cv-2187-IEG-NLS
                                )
ROOSEVELT KYLE, individually or  )
d/b/a CENTURY ONE RESORTS, LTD   )   **MEMORANDUM OF POINTS AND**
or CENTURY ONE ASSOCIATES;       )   **AUTHORITIES IN SUPPORT OF**
REBECCA TYREE a/k/a/ RUBEE TYREE )   **MOTION FOR PRELIMINARY**
or RUBY TYREE;                   )   **INJUNCTION AGAINST**
COA FINANCIAL GROUP, LLC d/b/a COA )  **ROOSEVELT KYLE**
FINANCIAL NETWORK TRUST c/o T&N  )
FASHION;                         )
and                              )
EAGLE FINANCIAL SERVICES, LLC    )
                                )
            Defendants.          )
_____ )
                                )
ROOSEVELT KYLE,                  )
                                )
            Third-Party Plaintiff, )
                                )
      v.                         )
                                )
JOHN R. MONROE;                  )
DOES 1 THROUGH 1000,             )
                                )
            Third-Party Defendants. )

2910257.43

# Table of Contents

I. Factual Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

   A.  Kyle's Tax Preparation Business. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

   B.  IRS Undercover Investigation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

   C.  IRS Audits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

   D.  Defendants' Former Customers. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      1. *Ofelia and Juan Uriarte*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      2. *Eva Leomo.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

II. Law and Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

   A.  Preliminary Injunction under I.R.C. § 7407. . . . . . . . . . . . . . . . . . . . . . 11

      1. *Kyle violated I.R.C. § 6694 by fabricating deductions*
       *for unreimbursed employee business expenses.* . . . . . . . . . . . . . . 12

      2. *Kyle violated I.R.C. § 6694 by inflating or fabricating*
       *deductions for charitable contributions.* . . . . . . . . . . . . . . . . . . . . 13

      3. *Kyle violated I.R.C. § 6695(b) by not signing returns*
       *he prepared and violated 6695(c) by not providing*
       *a preparer identification number on returns he prepared.* . . . . . . . . 13

      4. *An injunction prohibiting any future tax return*
       *preparation is warranted.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

   B.  Preliminary Injunction under I.R.C. § 7408. . . . . . . . . . . . . . . . . . . . . . 15

      1. *Kyle has violated I.R.C. § 6701.* . . . . . . . . . . . . . . . . . . . . . . . . . 16

      2. *Kyle is likely to continue to violate I.R.C. § 6701*
       *absent an injunction.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

   C.  Preliminary Injunction under I.R.C. § 7402. . . . . . . . . . . . . . . . . . . . . . 18

   D.  Equitable Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

III.  Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

2910257.43

1

2

## Table of Authorities Cited

3

Supreme Court

4

United States v. First Nat'l City Bank, 379 U.S. 378 (1965).. . . . . . . . . . . . . . . . . . . . . . 19

5

Univ. of Texas v. Camenisch, 451 U.S. 390 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

6

7

First Circuit

8

Brody v. United States, 243 F.2d 378 (1st Cir. 1957).. . . . . . . . . . . . . . . . . . . . . . . . . . . 18

9

Sixth Circuit

10

In re Dow Corning Corp., 280 F.3d 648 (6th Cir. 2002).. . . . . . . . . . . . . . . . . . . . . . . . . 18

11

Seventh Circuit

12

13

S.E.C. v. Holschuh, 694 F.2d 130, 144 (7th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . 18

14

Ninth Circuit

15

Flynt Distribution Co., Inc. v. Harvey, 734 F.2d 1389 (9th Cir. 1984).. . . . . . . . . . . . . . . 16

16

17

Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.,
      204 F.3d 867 (9th Cir. 2000).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

18

Republic of Philippines v. Marcos, 862 F.2d 1355 (9th Cir. 1988). . . . . . . . . . . . . . . . . . 16

19

United States v. Estate Preservation Services, 202 F.3d 1093 (9th Cir. 2000). . . . 11, 15, 17

20

21

Eleventh Circuit

22

United States v. Ernst & Whinney, 735 F.2d 1296 (11th Cir. 1984). . . . . . . . . . . . . . . . . 18

23

District Court Cases

24

United States v. Bailey, 789 F. Supp. 788 (N.D. Tex. 1992).. . . . . . . . . . . . . . . . . . . . . . 15

25

United States v. Cohen, 222 F.R.D. 652 (W.D. Wash. 2004). . . . . . . . . . . . . . . . . 15, 18-19

26

27

United States v. Franchi, 756 F. Supp. 889 (W.D. Pa. 1991). . . . . . . . . . . . . . . . . . . . . . 15

28

United States v. Harkins, 355 F. Supp. 2d 1175 (D. Or. 2004). . . . . . . . . . . . . . . . . . . . . 17

2910257.43

United States v. Hempfling, 431 F. Supp. 2d 1069 (E.D. Cal. 2006). . . . . . . . . . . . . . . . 15

United States v. Lloyd, 2005 WL 3307281 (M.D.N.C. Dec. 6, 2005).. . . . . . . . . . . . . . 18

United States v. Reddy, 500 F. Supp. 2d 877 (N.D. Ill. 2007). . . . . . . . . . . . . . . . . 11, 15

United States v. Rivera, 2003 WL 22429482 (C.D. Cal. July 18, 2003). . . . . . . . . . . . . 18

United States v. Stephenson, 313 F. Supp. 2d 1054 (W.D. Wash. 2004). . . . . . . . . . . . 19

United States v. Thompson, 395 F. Supp. 2d 941 (E.D. Cal. 2005). . . . . . . . . . . . . . . . 18

Statutes

26 U.S.C. § 6694. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-15

26 U.S.C. § 6695. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-15

26 U.S.C. § 6701. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-18

26 U.S.C. § 7402. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 18-21

26 U.S.C. § 7407. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-15

26 U.S.C. § 7408. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 15-18

26 U.S.C. § 7701(36). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Regulations

26 C.F.R. § 301.7701-15. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

2910257.43

The IRS has received at least 9,700 federal income tax returns prepared by Defendants Roosevelt Kyle, Rebecca Tyree, COA Financial Group, LLC, and Eagle Financial Services, LLC, between 2002 and 2007. (Declaration of Revenue Agent Shereen Hawkins ¶ 10.)  An IRS investigation produced substantial evidence that the Defendants' tax preparation business is predicated on improperly understating their customers' tax liabilities.  The Defendants' most common tactic is to inflate or fabricate deductions for charitable contributions and employee business expenses on IRS Form 1040, Schedule A, "Itemized Deductions" and business deductions on Schedule C, "Profit or Loss from Business."  Defendant Kyle continues to cause injury to the federal government and has shown no sign of complying with the tax laws. Defendant Kyle should be preliminarily enjoined from preparing federal income tax returns to prevent further harm to the federal government and his customers.

## I.  FACTUAL BACKGROUND

### A.  Kyle's Tax Preparation Business

Defendants Roosevelt Kyle and Rebecca Tyree reside in San Diego, California and have operated a tax return preparation business using the names Century One Resorts, Century One Associates, COA Financial Group, and Eagle Financial Services in National City, California. (Decl. Hawkins ¶¶ 8-9).  Kyle has prepared returns for others since the 1980s and has been penalized in the past for preparer misconduct.  (Exhibit E, IRS Forms 4340, Certificates of Assessments, Payments and Other Specified Matters).

Kyle most recently operated his business as Eagle Financial Services located at 2414 Hoover Avenue, National City, California. (Declaration of Special Agent Maridehl Toblac ¶ 5). In 2004, Kyle stopped signing the returns he prepared and began using others, including his

2910257.43

business associate Rebecca Tyree to sign returns he prepared. (Decl. Hawkins ¶ 11).

The Defendants continue to prepare a significant number of returns.  IRS records indicate that in 2007 over 1,100 returns were prepared and filed by Eagle Financial Services. (Decl. Hawkins ¶ 10).  However, because Kyle does not sign the returns he prepares and Tyree and Kyle do not provide preparer identification numbers, it is difficult for the IRS to determine exactly how many returns they prepare and file. (Decl. Hawkins ¶¶ 11-12).

The Defendants prepare and file improper tax returns on behalf of their customers.  The most common tactic that the Defendants use to reduce the tax liability of their customers is claiming false deductions, particularly unreimbursed employee business expenses and charitable contribution deductions on IRS Form 1040, Schedule A, "Itemized Deductions," and business expenses on Schedule C, "Profit or Loss from Business."

An audit and undercover investigation, in addition to statements of former customers corroborate the government's allegations against Kyle, Tyree, COA Financial Group, and Eagle Financial Services.

**B.  IRS Undercover Investigation**

In April 2007, the IRS conducted an undercover investigation of Kyle's tax preparation business, which at that time he was operating as Eagle Financial Services. (Decl. Special Agent Tablac ¶ 5).  Roosevelt Kyle prepared a 2006 Form 1040 for an undercover IRS agent.  Kyle fabricated deductions for charitable contributions and employee business expenses on the Schedule A, Itemized Deductions attached to the undercover agent's 2006 tax return. (Decl. Special Agent Tablac ¶¶ 6-13).

The only document that the undercover agent provided to Kyle was a Form W-2 that was prepared for the undercover operation and issued in the name of the undercover agent's assumed

2910257.43

identity. (Decl. Special Agent Tablac ¶ 7).  The undercover agent did not provide Kyle with any information to support a deduction for charitable contributions or employee business expenses. (Decl. Special Agent Tablac ¶ 13).  After the undercover agent gave Kyle the Form W-2, Kyle explained to the agent how he would reduce her tax liability.  (Decl. Special Agent Tablac ¶ 8). Kyle told the undercover agent that his number one rule was to keep her from paying taxes and that he could accomplish this by claiming phony deductions for "expenses" and a "few other things." (Decl. Special Agent Tablac ¶ 9).  Kyle told the undercover agent that they needed to "play games" to reduce her taxable income and that he would use his "creative mind" to reduce her tax liabilities. (Decl. Special Agent Tablac ¶ 8).

Equally as important to what was said by Kyle and the undercover agent, was that which was not said by Kyle and the undercover agent.  The undercover agent did not give any information to Kyle to support the claimed deductions for charitable contributions or employee business expenses. (Transcript, Exhibit B-1 attached to Decl. Special Agent Tablac).

The return that the undercover agent paid Kyle to prepare contained a $7,300 fabricated deduction for unreimbursed employee business expenses, including over $1,900 of reported laundry and cleaning expenses.  The undercover agent gave no information to Kyle to support those claims.  (Decl. Special Agent Tablac ¶ 13).

The return that the undercover agent paid Kyle to prepare also included fabricated charitable contributions.  Again, the undercover agent gave Kyle no information to support the reported $2,000 contribution to the Girl Scouts and a $500 non-cash contribution to Goodwill. (Decl. Special Agent Tablac ¶ 13).

Kyle did not sign the undercover agent's return and did not provide a preparer identification number.  The undercover agent's return was signed by Defendant Rebecca Tyree,

2910257.43

-7-                                    Case No. 07-cv-2187

but Tyree also did not include a preparer identification number. (Decl. Special Agent Tablac ¶ 15).

Kyle understated the undercover agent's tax liability by over $1,000. (Decl. Special Agent Tablac ¶ 11).

## C. IRS Audits

The IRS has examined approximately 257 returns prepared and filed between 2002 and 2007 by Kyle, Tyree, Century One Resorts, COA Financial Network, and Eagle Financial Services. 249 of the 257 examined returns (96 percent), understated the customer's tax liability. Customers consented to the IRS's examination adjustments on 137 of the returns. Of the 257 examined returns, 180 contained fabricated, inflated or unsubstantiated deductions for charitable contributions, 169 contained fabricated, inflated, or unsubstantiated deductions for employee business expenses, and 139 of the returns contained inflated or unsubstantiated deductions for business expenses on the Schedule C attached to the return. (Decl. Hawkins ¶¶ 15-17).

All of the IRS-examined returns that Tyree signed and prepared required adjustments because of inflated or unsubstantiated deductions for charitable contributions and unreimbursed employee business expenses. Tyree also repeatedly failed to provide a preparer identification number on the returns she signed. (Decl. Hawkins ¶¶ 18-19).

The average tax deficiency per examined return is $3,938 with a total actual tax loss of $1,011,961. The total of the agreed tax understatements on the 137 returns for which customers consented to the IRS's adjustments is $439,483 with an average agreed understatement of tax liability of $3,208 per return. The total estimated tax loss between 2002 and 2007 for all customers as a result of fraudulent tax return preparation by Kyle, Tyree, COA Financial Network, and Eagle Financial Services is approximately $16 million. (Decl. Hawkins ¶ 20).

2910257.43

### D.  **Defendants' Former Customers**

#### 1. *Ofelia and Juan Uriarte*

Ofelia Uriarte and her husband paid Roosevelt Kyle to prepare their 2006 federal income tax return. (Declaration of Ofelia Uriarte ¶ 2).  Kyle met with the Uriartes and they gave Kyle copies of their Forms W-2 and documentation in support of donations they made to their church. (*Id.*)  Kyle then notified the Uriartes when their return was ready and then the Uriartes signed their return. (*Id.*)  The Uriartes' 2006 return falsely claimed a $4,710 deduction for purported employee business expenses of Ofelia Uriarte. (Decl. Uriarte ¶ 5 and Exhibit C-1, Form 2106-Ez, "Unreimbursed Employee Business Expenses").  Ofelia Uriarte was not required to use her personal vehicle for business purposes and did not give Kyle any information to support such a claim. (Decl. Uriarte ¶ 5).

Kyle also falsely claimed a deduction for over $2,400 in "work clothes and upkeep" expenses on the Uriartes' Schedule A attached their 2006 Form 1040.  The Uriartes did not incur these expenses, and Ms. Uriarte did not provide any information to support this claim. (Decl. Uriarte ¶ 6).

Kyle also inflated a deduction for charitable contributions on the Uriartes' 2006 return. Kyle reported a $500 non-cash contribution to Goodwill that the Uriartes did not make and did not give Kyle information to support such a claim. (Decl. Uriarte ¶ 7).

#### 2. *Eva Leomo*

Eva Leomo, a customer from Chula Vista, California, paid Kyle to prepare her 2003 and 2004 federal income tax returns and paid Kyle's assistant Rebecca ("Rubee") Tyree, to prepare her 2005 return.  Leomo's 2003, 2004, and 2005 returns all reported deductions for inflated or fabricated employee business expenses and charitable contributions. (Declaration of Eva Leomo

¶¶ 2-3).

For example, Leomo's 2003 return that she paid Kyle to prepare, falsely reported a deduction for $3,528 in vehicle expenses, which was based on the false claim that Leomo drove 9,800 miles for business purposes in her personal vehicle. Leomo does not know how Kyle arrived at this figure and did not give any information to support such a claim. Kyle also falsely reported that Leomo had written evidence to support the false mileage claim. (Decl. Leomo ¶ 4).

Kyle also fabricated a deduction for $1,639 in "laundry and upkeep" expenses and a $500 deduction for non-cash contribution to Goodwill on Leomo's 2003 return. Again, Leomo did not give Kyle information to support these claimed deductions. (Decl. Leomo ¶¶ 5-6).

In addition to Kyle's false claims on Leomo's Schedule A, Kyle falsely reported over $2,000 business expenses on Leomo's 2003 Schedule C, "Profit or Loss from Business." (Decl. Leomo ¶ 8).

Similarly, the 2005 return that Tyree prepared for Ms. Leomo, claimed phony business expenses including false mileage expenses and a fabricated deduction for a non-cash contribution to Goodwill. (Decl. Leomo ¶ 7). On Ms. Leomo's 2005 Form 1040, Tyree did not provide a preparer tax identification number. (Exhibit D-4 to Decl. Leomo).

Leomo consented to the IRS's determination that her 2003, 2004, and 2005 federal income tax returns understated her tax liabilities by $2,150, $536, and $307 respectively. (Decl. Leomo ¶ 9).

### III. Law and Argument

The United States seeks a preliminary injunction under I.R.C. §§ 7402, 7407, and 7408 to prevent Kyle from further violating the Internal Revenue Code. The United States also seeks to prevent Kyle from preparing federal tax returns for others, representing others before the IRS,

2910257.43

engaging in conduct subject to penalty under the I.R.C or other conduct that substantially

interferes with the proper administration and enforcement of the internal revenue laws.

A.    **Preliminary Injunction under I.R.C. § 7407**

Kyle should be enjoined under I.R.C. § 7407 from preparing income tax returns for others

because he has repeatedly and continually prepared income tax returns understating customers'

liabilities and is likely to continue to do so absent an injunction.  Section 7407 grants federal

district courts the authority to enjoin income tax return preparers from further engaging in any

conduct prohibited under the statute upon proving: (1) an income tax return preparer has engaged

in specified prohibited conduct, and (2) injunctive relief is appropriate to prevent the recurrence

of such conduct.  As I.R.C. § 7407 expressly authorizes the issuance of a permanent injunction

upon satisfying the criteria above, the United States is not required to meet the traditional

equitable factors typically required before the issuance of an injunction.[1]  For a preliminary

injunction, the government must prove the two enumerated factors by a preponderance of the

evidence.[2]

The prohibited conduct includes a return preparer engaging in any conduct subject to

penalty under Code sections 6694, 6695 or a preparer engaging in any other fraudulent or

deceptive conduct which substantially interferes with the proper administration of the internal

revenue laws.[3]  In addition, upon a showing that an injunction merely prohibiting the outlawed

---

[1] *See United States v. Estate Pres. Servs.*, 202 F.3d 1093, 1098 (9th Cir. 2000) ("The traditional requirements for equitable relief need not be satisfied since Section 7408 expressly authorizes the issuance of an injunction."); *United States v. Reddy*, 500 F. Supp. 2d. 877, 881-82 (N.D. Ill. 2007) (holding that for a preliminary injunction under Section 7407 the traditional preliminary injunction test is not applied and the United States only needed to meet the statutory criteria of Section 7407).

[2] *Estate Pres. Servs.*, 202 F.3d at 1098.

[3] *See* I.R.C. § 7407(b).

2910257.43

conduct would be insufficient to prevent further interference with internal revenue laws, the Court can enjoin a defendant from further acting as a return preparer for others.[4]

Kyle should be preliminarily enjoined under I.R.C. § 7407 because he has violated I.R.C. §§ 6694 and 6695 and has otherwise engaged in fraudulent conduct interfering with the administration of the internal revenue laws.  Section 6694 imposes a penalty on an income tax return preparer who: 1) prepares a return containing an understatement of liability due to a position for which there is no realistic possibility of being sustained on the merits, 2) knows or should have known of the unrealistic position, and 3) fails to disclose the facts or basis for the position or the position is frivolous.[5]  Code sections 6695(b) and (c) impose penalties on tax return preparers who fail to sign returns they prepare and who fail to furnish an identifying number with respect to any return for which they are the return preparer.

In preparing thousands of returns to submit to the IRS, Kyle has consistently and knowingly understated his customers' true tax liabilities.  For over ninety-five percent of the IRS-examined returns, the IRS has determined that Kyle has unlawfully understated customers' liabilities by reporting unlawful deductions based on fabricated, inflated, or unsubstantiated charitable contributions, unreimbursed employee business expenses, and other business expenses.

        **1.**      ***Kyle violated I.R.C. § 6694 by fabricating deductions for unreimbursed employee business expenses.***

Based upon the IRS audits and undercover investigation and statements from customers, Kyle repeatedly and continually between 2002 and 2007 prepared returns for his customers that

---

[4] *Id.*

[5] I.R.C. § 6694(a).

2910257.43

-12-                    Case No. 07-cv-2187

contained fabricated deductions for unreimbursed employee business expenses to unlawfully

reduce their federal income tax liabilities.  In 2007, on an undercover agent's return and on

Ofelia Uriarte's return Kyle fabricated deductions for employee business expenses.  In 2004 and

2005, Kyle fabricated deductions for employee business expenses on Eva Leomo's 2003 and

2004 returns.  Kyle knew or should have known that the returns he prepared contained false

claims for which there was no reasonable possibility of being sustained.  As discussed above, the

IRS audit revealed that returns prepared by Kyle repeatedly and continually contained overstated

employee business expense deductions that resulted in an unlawful reduction of his customers'

tax liabilities.

> **2.      *Kyle violated I.R.C. § 6694 by inflating or fabricating deductions for charitable contributions.***

In addition to inflating or fabricating employee business expense deductions, Kyle has

repeatedly and continually prepared returns that contain inflated or fabricated deductions for

charitable contributions.  In 2007, Kyle fabricated deductions for charitable contributions on the

IRS undercover agent's return and Ofelia Uriarte's 2006 return.  Kyle also fabricated deductions

for charitable contributions in 2004 and 2005 on Eva Leomo's 2003 and 2004 returns.

The results of the IRS audits and undercover investigation coupled with statements from

Kyle's former customers establish that Kyle intentionally understated his customers' tax

liabilities by fabricating deductions for charitable contributions.

> **3.      *Kyle violated 6695(b) by not signing returns he prepared and violated 6695(c) by not providing a preparer identification number on returns he prepared.***

Kyle no longer signs the returns he prepares.  Kyle uses others, including Tyree, to sign

the returns he prepares to thwart the detection of his fraudulent return preparation.  A tax return

2910257.43

preparer is subject to penalty under I.R.C. § 6695(b) when he/she fails to sign a return for which he/she was the return preparer.  Additionally, I.R.C. § 6695(c) penalizes a tax preparer for failing to provide an identification number on a return for which they were the return preparer.  In I.R.C. § 7701(36)(a), "income tax return preparer" is defined as any person who prepares a substantial portion of a federal income tax return for compensation.[6]

In 2007, Kyle prepared a return for compensation for Ofelia Uriarte and an undercover IRS agent, but did not sign either return.  Kyle repeatedly does not provide a preparer identification number on the returns he prepares.  For example, Kyle did not provide a preparer identification number on the return he prepared for the undercover IRS agent or the 2003 and 2004 returns he prepared for Eva Leomo.

Kyle's deceptive conduct hinders the ability of the IRS to regulate his activity as an income tax return preparer.

**4.  *An injunction prohibiting any future tax return preparation is warranted*.**

Kyle has repeatedly and continually violated I.R.C. § 6694, 6695, and has engaged in other deceptive conduct that substantially interferes with the administration of internal revenue laws and is likely to continue to do so absent an injunction prohibiting his preparation of income tax returns for others.  Kyle has prepared returns since the 1980s and will likely continue to prepare returns without an injunction.

Kyle has prepared returns in blatant disregard of internal revenue laws.  Kyle has

---

[6] Under 26 C.F.R. § 301.7701-15, "a person who furnishes to a taxpayer or other preparer sufficient information and advice so that completion of the return or claim for refund is largely a mechanical or clerical matter is considered an income tax return preparer, even though that person does not actually place or review placement of information on the return or claim for refund."  In this case, conducting the tax return preparation interviews with customers is sufficient to qualify Kyle as the tax return preparer - even if another person actually entered the data on the return.

2910257.43

-14-                                    Case No. 07-cv-2187

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

continued to fraudulently prepare returns even after being penalized in the past for preparer

misconduct under 26 U.S.C. § 6694 and imprisoned for failing to file his own returns.[7]  The

Court should enter a preliminary injunction under I.R.C. § 7407 prohibiting Kyle from: (a)

preparing or filing federal income tax returns, amended returns, and other related documents and

forms for others, and (b) engaging in any other activity subject to penalty under I.R.C. §§ 6694

and 6695.[8]  This is especially important as the return filing season is upon us.

### B.    Preliminary Injunction under I.R.C. § 7408

Kyle should also be enjoined under I.R.C. § 7408 for fraudulently preparing returns as

described above.  I.R.C. § 7408 authorizes the Court to issue an injunction barring any person

from further engaging in any conduct subject to penalty under sections 6700 or 6701.  Because

the statute itself defines the criteria for issuing the injunction, an injunction under § 7408 is

considered a statutory injunction for which a movant must only meet the criteria set forth for

injunctive relief, without reference to the traditional equitable factors.[9]  Here, the United States

must only prove: 1) that Kyle has acted in violation of the above-named statutes, and 2) that

injunctive relief is appropriate to prevent the recurrence of such conduct.[10]  For a preliminary

injunction, the United States is not required to prove the case in full, but must only show that the

---

[7] *United States, et al v. Kyle*, Case No. 3:02-cr-00935-H, (S.D. Cal.) (Doc. No. 115).

[8]  Other courts have enjoined tax return preparers from preparing tax returns for others after finding the preparer inflated or fabricated deductions, see e.g.: *Reddy*, 500 F. Supp. 2d. 877, 881-84 (N.D. Ill. 2007); *United States v. Bailey*, 789 F. Supp. 788, 813 (N.D. Tex. 1992); *United States v. Franchi*, 756 F. Supp. 889, 893 (W.D. Pa. 1991).

[9] *Estate Pres. Servs.*, 202 F.3d at 1098 ("The traditional requirements for equitable relief need not be satisfied since Section 7408 expressly authorizes the issuance of an injunction."); *United States v. Hempfling*, 431 F. Supp. 2d 1069, 1075-76 (E.D. Cal. 2006) (same); *United States v. Cohen*, 222 F.R.D. 652, 653 (W.D. Wash. 2004) (holding that for a permanent injunction the United States need meet only the criteria of I.R.C. § 7408, and not the equitable factors).

[10] *See* I.R.C. § 7408(b).

2910257.43

statutes have been violated and there is a reasonable likelihood of future violations.  In addition, on deciding on a motion for preliminary injunction, the Court may consider inadmissible evidence, such as hearsay.[11]

Section 6701 imposes penalties on any person who prepares or assists in the preparation of "any portion of a return, affidavit, claim, or other document" that he "knows (or has reason to believe) will be used in connection with any material matter" under the Internal Revenue Code and that he knows will "result in an understatement of the liability for tax."  Kyle violated I.R.C. § 6701, and will likely continue to do so absent an injunction.

### 1. *Kyle has violated I.R.C. § 6701.*

Kyle violated I.R.C. § 6701 by preparing tax returns on behalf of others claiming false and fraudulent deductions for charitable contributions, unreimbursed employee business expenses, and other business expenses.  The IRS has examined more than 250 returns prepared primarily by Kyle, with virtually all of the them requiring adjustments as a result of his improper return preparation.  As evidenced by his statements to an IRS undercover agent, Kyle knew the returns he prepared contained false statements because the customers did not provide him information to support the reported claims.

Kyle unlawfully prepared the tax returns in furtherance of his tax scheme and profited from the scheme.  The IRS has penalized Kyle in the past for his unlawful return preparation.  Yet, Kyle continues to engage in conduct subject to penalty under § 6701.

---

[11] *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) ( "The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial."); *Republic of Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988) (upholding preliminary injunction entered after consideration of hearsay evidence).

2910257.43

### 2. *Kyle is likely to continue to violate I.R.C. § 6701 absent an injunction.*

Kyle should be preliminarily enjoined under I.R.C. § 7408 because there is a significant likelihood he will continue preparing false and fraudulent tax returns absent an injunction. To determine whether there is a substantial likelihood of a recurrence of unlawful conduct, courts routinely consider several factors: (1) the gravity of the harm caused by the offense; (2) the extent of the defendant's participation, (3) the defendant's degree of scienter; (4) the isolated or recurrent nature of the infraction; (5) the defendant's recognition (or non-recognition) of his own culpability; and (6) the likelihood that the defendant's occupation would place him in a position where future violations could be anticipated.[12]

Kyle's conduct and the harm he has already caused by his fraudulent return preparation is significant. The IRS estimates that Kyle's tax return preparation has cost the government over $16 million. In addition to the direct tax loss, the government is also harmed because it incurs the expense of investigating Kyle and his customers. Moreover, Kyle's customers are harmed because they are responsible for any additional tax due, plus interest and penalties. Kyle has understated his customers' tax liabilities since at least the 1980s. He has been penalized in the past for preparer misconduct, yet he has continued to falsely prepare returns. Kyle continues to prepare returns for others and continues to hinder the IRS's monitoring of his activity by no longer signing returns he prepares and not providing a preparer tax identification number.

Accordingly, Kyle should be preliminarily enjoined under I.R.C. § 7408 from engaging in any activity subject to penalty under I.R.C. § 6701.

---

[12] *Estate Pres. Servs.*, 202 F.3d at 1105; *United States v. Harkins*, 355 F. Supp. 2d 1175, 1181 (D. Or. 2004).

C.    **Preliminary Injunction under I.R.C. § 7402(a)**

Internal Revenue Code § 7402(a) grants federal district courts broad authority to "make and issue in civil actions, writs and orders of injunction ... and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws."  An injunction under § 7402 can be issued "in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws."[13]  It manifests the "Congressional intention to provide the district courts with a full arsenal of powers to compel compliance with the internal revenue laws."[14]  To meet the requirements for a statutory injunction, such as that prescribed by § 7402, the United States must demonstrate only that the conditions set forth in the statute exist and that there is a reasonable likelihood of future misconduct.[15]  Because I.R.C. § 7402(a) sets forth the criteria for injunctive relief – that an injunction is necessary or appropriate for the enforcement of the internal revenue laws – the Court need not consider the traditional equitable factors for a permanent injunction.[16]  Thus, the United States need not show that it has no adequate remedy at law.[17]

---

[13] I.R.C. § 7402.

[14] *Brody v. United States*, 243 F.2d 378, 384 (1st Cir. 1957).

[15] *S.E.C. v. Holschuh*, 694 F.2d 130, 144 (7th Cir. 1982) (affirming injunction authorized under Securities Act of 1933).

[16] *See* I.R.C. § 7402(a); *United States v. Thompson*, 395 F. Supp. 2d 941, 945-46 (E.D. Cal. 2005) (finding that consideration of the traditional equitable factors is not required); *In re Dow Corning Corp.*, 280 F.3d 648, 657-58 (6th Cir. 2002) (holding that where a statute, such as I.R.C. § 7402(a), grants the court injunctive power, the court is not "confined to traditional equity jurisprudence."). *But see United States v. Lloyd*, No. 1:04cv00274, 2005 WL 3307281, at *7 (M.D.N.C. Dec.6, 2005) (applying equitable standard of F.R.C.P. 65 for injunction under I.R.C. § 7402).

[17] *See United States v. Rivera*, No. 03-2520, 2003 WL 22429482, at *8 (C.D. Cal. July 18, 2003). *But see United States v. Ernst & Whinney*, 735 F.2d 1296, 1301 (11th Cir. 1984) (applying traditional factors governing the equitable remedy); *United States v. Cohen*, 222 F.R.D. 652, 654 (W.D. Wash. 2004) (applying equitable factors to test under § 7402).

2910257.43

To meet the requirements for a preliminary injunction under I.R.C. § 7402, the United States must show that an injunction is necessary or appropriate for the enforcement of the internal revenue laws, but is not required to prove the case in full.[18]

The United States seeks an injunction under I.R.C. § 7402 barring Kyle from preparing returns for others and from engaging in conduct subject to penalty under §§ 6694, 6695, and 6701.

In addition to barring Kyle from engaging in these activities, the Court should order Kyle to notify his customers of the Court's findings and to enclose a copy of the preliminary injunction order. This affirmative relief is authorized by Code § 7402(a), which grants this Court broad authority to fashion relief to prevent interference with the internal revenue laws.[19] Other courts have granted the United States similar affirmative relief in both preliminary and permanent injunctions.[20]

An injunction under I.R.C. § 7402 is appropriate to prevent Kyle's future violation of internal revenue laws. Without an injunction, Kyle is free to continue to prepare returns for others that unlawfully understate his customers' tax liabilities. An injunction under I.R.C. §§ 7402, 7407, and 7408 is necessary to prevent his further violating these laws and causing further

---

[18] *Univ. of Texas v. Camenisch,* 451 U.S. 390, 395 (1981).

[19] *See United States v. First Nat'l City Bank,* 379 U.S. 378, 383-84 (1965) ("[O]ur review of the [temporary] injunction as an exercise of the equity power granted by [Section 7402(a)] must be in light of the public interest involved: 'Courts of equity may, and frequently do, go much farther both to give and withhold relief in furtherance of the public interest than they are accustomed to go when only private interests are involved.'") (quoting *Virginian Ry. Co. v. Sys. Fed'n No. 40,* 300 U.S. 515, 552 (1937)).

[20] *E.g., United States v. Cohen,* 222 F.R.D. 652, 659 (W.D. Wash. 2004) (ordering tax-return preparer to notify customers and produce customer list to United States as part of preliminary injunction); *United States v. Stephenson,* 313 F. Supp. 2d 1054, 1061 (W.D. Wash. 2004) (same).

2910257.43

harm to the United States.

### D. Equitable Standard

While we contend that the Government need not establish the traditional equitable standards required for a non-statutory injunction under I.R.C. §§ 7402, 7407, and 7408, the equitable standards are nevertheless satisfied here.  In the Ninth Circuit, "preliminary injunctive relief is available to a party who demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor.  These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases."[21]  The United States will likely prevail under I.R.C. §§ 7402, 7407, and 7408 because there is overwhelming evidence that Kyle knowingly prepared fraudulent returns that unlawfully understate his customers' income tax liabilities.

The IRS has penalized Kyle in the past for unlawfully understating the tax liabilities on the returns he prepares.  The IRS has examined over 250 returns prepared by Kyle, his business associate Tyree, COA Financial Group, and Eagle Financial Services.  Virtually all of the returns understated the customer's tax liability.  Two of the customers confirm that deductions claimed on their returns were false.  In 2007, well after Kyle was penalized and aware of the IRS's investigation into his tax return preparation business, Kyle again fabricated deductions on a return for an IRS undercover agent.  The undercover agent's experience confirms that Kyle continues to prepare fraudulent tax returns for others and uses others to sign the returns he prepares.

---

[21] *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 874 (9th Cir. 2000) (citing *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987)).

2910257.43

The IRS estimates that Kyle has already understated customers' tax liability by over $16 million based on the examinations it has conducted and the total harm from his activities is likely much greater. Kyle continues to profit from his fraudulent return preparation activity. Kyle has violated and continues to violate I.R.C. §§ 6701, 6694, 6695, and otherwise interfere with the enforcement of the internal revenue laws.

There is a significant possibility of irreparable harm to the United States because for each return Kyle fraudulently prepares, the IRS spends valuable resources contacting the customers and conducting an examination until the tax liability is determined. After the correct liability is determined, the IRS must then engage in an often-lengthy collection process to recover taxes owed for previous years. The damage and potential harm caused by Kyle's unlawful conduct greatly outweighs any injury he may suffer from the entry of a preliminary injunction.

### III.  Conclusion

For the reasons stated above and to prohibit Kyle's future violations of the internal revenue laws, the United States requests that the Court enter a preliminary injunction in its favor pursuant to I.R.C. §§ 7402, 7407, and 7408.

Dated: January 11, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ John Monroe
JOHN R. MONROE
IA Bar No. 0008881
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
Telephone: (202) 307-0638
Fax: (202) 514-6770
E-mail: john.r.monroe@usdoj.gov
Attorneys for Plaintiff

2910257.43

*Certificate of Service*

I hereby certify that on January 11, 2008, service of the foregoing Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction Against Roosevelt Kyle and its accompanying exhibits, was made by way of the Court's ECF filing system.

I hereby certify that on January 11, 2008, I served the foregoing Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction Against Roosevelt Kyle and its accompanying exhibits, by first class mail postage prepaid to each entity or person named below at the address stated below for each entity or person:

Roosevelt Kyle
P.O. Box 1503
National City, CA 91951

Eagle Financial Services, LLC
c/o Roosevelt Kyle, Registered Agent
P.O. Box 1503
National City, CA 91951


COA Financial Group, LLC
c/o Roosevelt Kyle, Registered Agent
P.O. Box 1503
National City, CA 91951

Rebecca Tyree
6460 Convoy Court, Space #159
San Diego, CA 92117

/s/ John Monroe
John Monroe
U.S. Department of Justice - Tax Division

2910257.43