1  Stephen M. Feldman, Esq.
   State Bar Number 65773
2  LAW OFFICES OF STEPHEN M. FELDMAN, INC.
   15915 Ventura Boulevard, Suite 201
3  Encino, CA 91436
   Tel.: (818) 907-0334 Fax: (818) 907-9056
4

5  Attorney for Defendant REBECCA TYREE
   a/k/a RUBEE TYREE
6

7

8

9
                **IN THE UNITED STATES DISTRICT COURT FOR THE**
10
                       **SOUTHERN DISTRICT OF CALIFORNIA**
11

12
   UNITED STATES OF AMERICA,                CASE NO.  07CV2187 IEG (NLS)
13
              Plaintiff,
14
         vs.                                ANSWER AND AFFIRMATIVE
15                                          DEFENSES OF REBECCA TYREE a/k/a
   ROOSEVELT KYLE, individually or d/b/a    RUBEE TYREE TO COMPLAINT FOR
16 CENTURY ONE RESORTS, LTD or               PERMANENT INJUNCTION
   CENTURY ONE ASSOCIATES;
17 REBECCA TYREE a/k/a RUBEE TYREE
   or RUBY TYREE; COA FINANCIAL
18 GROUP, LLC d/b/a COA FINANCIAL
   NETWORK TRUST c/o T&N FASHION;
19 and EAGLE FINANCIAL SERVICES,
   LLC
20
              Defendants.
21 _____/

22

23       COMES NOW DEFENDANT REBECCA TYREE a/k/a RUBEE TYREE ( "Defendant") and

24 in answering the Complaint of the United States of America ( "Plaintiff"), in the pending matter, admits,

25 denies and alleges as follows:

26 / / /

27 _____

28 *Answer of Rebecca Tyree a/k/a Rubee Tyree, etc.*

1. In answering paragraph 1 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

2. In answering paragraph 2 of Plaintiff's Complaint, Defendant admits that this suit is brought under §§ 7402, 7407, and 7408 of the Internal Revenue Code. Except as expressly admitted herein, Defendant denies, generally and specifically each and every allegation contained in paragraph 2.

3. In answering paragraph 3 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny the allegations contained therein and based upon such lack of information and belief, denies, generally and specifically each and every allegation contained in paragraph 3.

**Defendants**

4. In answering paragraph 4 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

5. In answering paragraph 5 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny the allegations contained therein and based upon such lack of information and belief, denies, generally and specifically each and every allegation contained in paragraph 5.

6. In answering paragraph 6 of Plaintiff's Complaint, Defendant admits that Defendant was a receptionist for Defendant Kyle's tax preparation business and later acted as an office manager. Defendant admits that Defendant prepares returns for her own client's only for compensation. Except as expressly admitted herein, Defendant denies, generally and specifically each and every allegation contained in paragraph 6

7. In answering paragraph 7 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny the allegations contained therein and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 7.

8. In answering paragraph 8 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny the allegations contained therein and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 8.

9. In answering paragraph 9 of Plaintiff's Complaint, Defendant admits that Defendant Eagle

Financial Services, LLC was formed in January 2007. Except as expressly admitted herein, Defendant denies, generally and specifically each and every allegation contained in paragraph 9.

10. In answering paragraph 10 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny the allegations contained therein and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 10.

### Defendants' Tax Preparation Business

11. In answering paragraph 11 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny the allegations contained therein and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 11.

12. In answering paragraph 12 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

13. In answering paragraph 13 of Plaintiff's Complaint, Defendant denies, generally and specifically each and every allegation contained in paragraph 13.

14. In answering paragraph 14 of Plaintiff's Complaint, Defendant denies, generally and specifically each and every allegation contained in paragraph 14.

15. In answering paragraph 15 of Plaintiff's Complaint, Defendant denies, generally and specifically each and every allegation contained in paragraph 15.

16. In answering paragraph 16 of Plaintiff's Complaint, Defendant denies, generally and specifically each and every allegation contained in paragraph 16.

### IRS's Investigation

17. In answering paragraph 17 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 17.

18. In answering paragraph 18 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 18.

19. In answering paragraph 19 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 19.

20. In answering paragraph 20 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 20.

21. In answering paragraph 21 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 21.

22. In answering paragraph 22 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 22.

23. In answering paragraph 23 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 23.

24. In answering paragraph 24 of Plaintiff's Complaint, Defendant denies, generally and specifically each and every allegation contained therein.

**Inflated or Bogus Schedule A Employee Business Expenses**

25. In answering paragraph 25 of Plaintiff's Complaint, Defendant denies, generally and specifically each and every allegation contained therein.

26. In answering paragraph 26 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 26.

27. In answering paragraph 27 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 27.

*Answer of Rebecca Tyree a/k/a Rubee Tyree, etc.*           4

28. In answering paragraph 28 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 28.

29. In answering paragraph 29 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 29.

**Inflated or Bogus Charitable Contributions**

30. In answering paragraph 30 of Plaintiff's Complaint, Defendant denies, generally and specifically each and every allegation contained therein.

31. In answering paragraph 31 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 31.

32. In answering paragraph 32 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 32.

33. In answering paragraph 33 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 33.

34. In answering paragraph 34 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 34.

**Inflated or Bogus Schedule C Business Expenses**

35. In answering paragraph 35 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 35.

36. In answering paragraph 36 of Plaintiff's Complaint, Defendant lacks sufficient information

and belief to either admit or deny and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 36.

37. In answering paragraph 37 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 37.

**Failing to Sign Returns and to Provide Identification Numbers**

38. In answering paragraph 38 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 38.

39. In answering paragraph 39 of Plaintiff's Complaint, Defendant denies, generally and specifically each and every allegation contained therein.

40. In answering paragraph 40 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 40.

41. In answering paragraph 41 of Plaintiff's Complaint, Defendant denies, generally and specifically each and every allegation contained therein.

42. In answering paragraph 42 of Plaintiff's Complaint, Defendant denies, generally and specifically each and every allegation contained therein.

**Count I: Injunction Under §§ 7407 AND 7408**

43. In answering paragraph 43 of Plaintiff's Complaint, Defendant incorporates by reference her answers to paragraphs 1 through 42 and by this reference incorporates same herein as though set forth in full hereat.

44. In answering paragraph 44 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

45. In answering paragraph 45 of Plaintiff's Complaint, Defendant denies, generally and specifically each and every allegation contained therein.

46. In answering paragraph 46 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

47. In answering paragraph 47 of Plaintiff's Complaint, Defendant denies, generally and specifically each and every allegation contained therein.

48. In answering paragraph 48 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

49. In answering paragraph 49 of Plaintiff's Complaint, Defendant lacks sufficient information and belief to either admit or deny and based on such lack of information and belief denies, generally and specifically each and every allegation contained in paragraph 49.

50. In answering paragraph 50 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

51. In answering paragraph 51 of Plaintiff's Complaint, Defendant denies, generally and specifically each and every allegation contained therein.

52. In answering paragraph 52 of Plaintiff's Complaint, Defendant denies, generally and specifically each and every allegation contained therein.

53. In answering paragraph 53 of Plaintiff's Complaint, Defendant denies, generally and specifically each and every allegation contained therein.

54. In answering paragraph 54 of Plaintiff's Complaint, Defendant denies, generally and specifically each and every allegation contained therein.

**Count II: Injunction under I.R.C. §7402 for Unlawful Interference with the Enforcement of the Internal Revenue Laws**

55. In answering paragraph 55 of Plaintiff's Complaint, Defendant incorporates by reference her answers to paragraphs 1 through 54 and by this reference incorporates same herein as though set forth in full hereat.

56. In answering paragraph 56 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

*Answer of Rebecca Tyree a/k/a Rubee Tyree, etc.*        7

57. In answering paragraph 57 of Plaintiff's Complaint, Defendant denies, generally and specifically each and every allegation contained therein.

58. In answering paragraph 58 of Plaintiff's Complaint, Defendant denies, generally and specifically each and every allegation contained therein.

59. In answering paragraph 59 of Plaintiff's Complaint, Defendant denies, generally and specifically each and every allegation contained therein.

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

60. Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (USE OF FACSIMILE STAMP)

61. At all times mentioned herein, Defendant was an office manager and did not prepare a substantial portion of the tax returns referenced in Plaintiff's Complaint. Defendant had a facsimile stamp which Plaintiff believes was used in many instances on many tax returns without the knowledge, approval and/or consent of Defendant.

### THIRD AFFIRMATIVE DEFENSE
### (DEFENDANT EMPLOYEE STATUS)

62. Defendant was an employee and office manager of the company that prepared many of the referenced federal tax returns. The prepared tax returns contain the company's Employer Identification Number preprinted on the forms. Defendant's employer insisted upon and it was company policy that all employees use only the company Employer Identification Number on all tax returns.

/ / /

/ / /

/ / /

*Answer of Rebecca Tyree a/k/a Rubee Tyree, etc.*          8

## FOURTH AFFIRMATIVE DEFENSE

### (LACK OF TAX PREPARATION)

63. Defendant was generally employed as an office manager. Defendant was not generally a tax preparer for other than Defendant's own clients.

WHEREFORE, Defendant prays judgment against Plaintiff as follows;

1. That Plaintiff take nothing by its Complaint on file herein;

2. For all costs of suit herein incurred; and

3. For such other and further relief as the Court deems just and property.


Dated: January 22, 2008              LAW OFFICES OF STEPHEN M. FELDMAN, INC.


                                     By: STEPHEN M. FELDMAN
                                         STEPHEN M. FELDMAN, Attorney for
                                         Defendant REBECCA TYREE a/k/a RUBEE TYREE,

F:\ANSWER\14401.ml.wpd

*Answer of Rebecca Tyree a/k/a Rubee Tyree, etc.*          9

1                                           PROOF OF SERVICE

2    STATE OF CALIFORNIA             )

3    COUNTY OF LOS ANGELES       )

4          I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 15915 Ventura Boulevard, Suite 201, Encino, California 91436.

7          On January 22, 2008, I served the foregoing document described as **Answer of Rebecca Tyree, etc.,** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

                           Roosevelt Kyle, In Pro Per
                           P.O. Box 1503
                           National City, CA 91951

         Executed on January 22, 2008, at Encino, California.

__ (PERSONAL SERVICE) I hand delivered the envelope addressed to the above sealed in an envelope and delivered to the address above..

XX  (MAIL) I caused such enveloped to be placed in the United States Mail, postage pre-paid, at Encino, California.

__ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

XX  (FEDERAL)  I declare that I am employed in the offices of a member of the bar of this court at whose direction this service was made.

                                   MARLENE LESSIN
                                   MARLENE LESSIN

---

*Answer of Rebecca Tyree a/k/a Rubee Tyree, etc.*