KAREN P. HEWITT
United States Attorney

JOHN R. MONROE
IA 0008881
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, DC 20044
Telephone: 202-307-0638
Facsimile: 202-514-6770
E-mail: john.r.monroe@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROOSEVELT KYLE, individually or d/b/a CENTURY ONE RESORTS, LTD or CENTURY ONE ASSOCIATES; REBECCA TYREE a/k/a/ RUBEE TYREE or RUBY TYREE; COA FINANCIAL GROUP, LLC d/b/a COA FINANCIAL NETWORK TRUST c/o T&N FASHION; and EAGLE FINANCIAL SERVICES, LLC

Defendants,

ROOSEVELT KYLE,

Third-Party Plaintiff

v.

JOHN R. MONROE, DOES 1 THROUGH 1000

Third-Party Defendants.

Case No. 07-cv-2187-IEG-NLS

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THIRD-PARTY COMPLAINT AGAINST JOHN R. MONROE**

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 15, 2007, the United States filed a complaint against Roosevelt Kyle ("Kyle") seeking to enjoin him from preparing tax returns for others. On December 21, 2007, Kyle filed an Answer and Third Party Complaint against Department of Justice Trial Attorney John R. Monroe and Does 1 through 1000. (Doc. No. 5).

Kyle's third-party complaint, which he claims is a suit in international law under the supplement Rules of Admiralty, against John Monroe (and Does 1 through 1000) states no claim upon which relief can be granted and, therefore, should be dismissed. The stated basis of Kyle's purported tort claim against Department of Justice Trial Attorney, John Monroe, is "the forfeiture of the public hazard bond of John R. Monroe, IA #0008881." Kyle's complaint makes the bare assertion that the attorney for the United States, John Monroe, is liable to him in the total amount of $1,678,900.

Kyle apparently bases his third-party complaint on several frivolous and false contentions found in his pleadings, including the following:

1. ". . . Attorney for Plaintiff is foreign to this jurisdiction, representing a foreign entity . . ." (Counterclaim and Answer ¶ 8, Doc. No. 5).

2. ". . . Attorney for plaintiff is guilty of obstruction of national bankruptcy, as ROOSEVELT KYLE is a UNITED STATES vessel, and that the UNITED STATES is the holder of the principal obligation in this matter, and not Roosevelt Kyle, a living, breathing, sentient being." (Counterclaim and Answer ¶ 9, Doc. No. 5)

3. "This fiction court, nor the attorney for the fiction Plaintiff, nor the Defendant, can reach parity with the living, breathing, sentient being." (*Id.*)

4. "Having been nominated and appointed as Fiduciary Debtor in Case no. 07CV2187-IEG-NLS [], John R. Monroe, IA #0008881, Trial Attorney, and Does 1 through 1000 **alleged** Attorney(s) for Plaintiff, have a duty as DEBTOR in this matter and as TRUSTEE to settle the account and close this instant case in a timely manner." (Counterclaim and Answer ¶ 12, Doc. No. 5 (emphasis in original)).

5. "This case, having been Accepted for Value and Returned for Settlement [] to the attorney for Plaintiff, is now the liability of the 3rd Party Defendant, John R. Monroe, IA # 0008881, and Does 1 through 1000." (*Id.*)

The United States and its attorney, John Monroe, are unaware of any "public hazard bond" or any debt owed to Kyle by the United States, or its attorney John Monroe. Kyle cites no legal authority or factual basis for his claim. Kyle's allegations and complaint are frivolous and without merit and consequently should be dismissed with prejudice.

## QUESTIONS PRESENTED

1. Does the Court lack subject matter jurisdiction?

2. Does Kyle's third party complaint fail to state a claim upon which relief can be granted with respect to third-party defendant John R. Monroe?

## ARGUMENT

### I. Mr. Monroe Is Immune From Suit Since The Action Is Ostensibly Against The United States.

To the extent third-party plaintiff Roosevelt Kyle implicates Mr. Monroe in wrongful activity, his complaint, albeit baseless, is really against the United States. Suits against employees in their official capacities are actually suits against the United States. Gilbert v. DaGrossa, 756 F.2d 1455, 1458-59 (9th Cir. 1985). In reality, Kyle challenges actions taken by

the United States of America, Internal Revenue Service to enforce internal revenue laws. Any right of redress belonging to plaintiff concerning the United States' injunction suit, must be against the United States, not Mr. Monroe.

Stated differently, "[w]hen an action is one against individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." Hawaii v. Gordon, 373 U.S. 57, 58 (1963); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985); Atkins v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989); Burgos v. Milton, 709 F.2d 1, 2 (1st Cir. 1983); Ecclesiastical Order of ISM of AM, Inc. v. Chasin, 845 F.2d 113, 115-16 (6th Cir. 1988).[1]

Moreover, it is well settled, under the doctrine of sovereign immunity, that suits cannot be brought against the United States and its employees, sued in their official capacities, unless sovereign immunity has been waived. Kentucky v. Graham, 473 U.S. 159, 165-67, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941); United States v. Shaw, 309 U.S. 495, 500-501 (1940).

The rule of sovereign immunity cannot be avoided by the mere form of denominating officers and employees of the United States as defendants. Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 687-88 (1949); Hutchinson v. United States, 677 F. 2d 1322 (9th Cir. 1982). Where the suit has not been consented to by the United States, dismissal of the action is required. Jules Hairstylist of Maryland, Inc. v. United States, 268 F. Supp. 511 (D. Md. 1967), aff'd, 389 F. 2d 389 (4th Cir.), cert. denied, 391 U.S. 934 (1968); Gilbert v. DaGrossa, supra.

---

[1] The Supreme Court has stated that a suit which would ultimately expend itself upon the public treasury is in essence a suit against the sovereign. Dugan v. Rank, 372 U.S. 609, 620 (1963).

To the extent we can decipher Kyle's frivolous and unfounded allegations, the conduct about which he complains was allegedly performed by Mr. Monroe within the scope of his official duties as an employee of the United States. Accordingly, the claim against Mr. Monroe must be dismissed. Moreover, this claim is really one against the United States which has not waived sovereign immunity.[2]

**CONCLUSION**

Kyle has failed to state any viable cause of action against Mr. Monroe or the United States of America. Kyle's third-party complaint fails to state a claim upon which relief can be granted and the Court otherwise lacks subject matter jurisdiction. The Court should dismiss Kyle's third-party complaint with prejudice.

[2] To the extent plaintiff is asserting a tort claim against the United States, it is barred by the tax exception to the Federal Tort Claims Act. 28 U.S.C. § 2680(c); Weiner v. IRS, 986 F.2d 12, 13 (2d Cir. 1993).

For the reasons stated above, the United States requests that the Court dismiss Kyle's third-party complaint under Federal Rule of Civil Procedure 12(b)(1) and (6) and for other relief that the Court finds is just and proper.

Dated: February 5, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ John R. Monroe
JOHN R. MONROE
IA Bar No. 0008881
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
Telephone: 202-307-0638
Fax: 202-514-6770
E-mail: john.r.monroe@usdoj.gov
Attorneys for Plaintiff

**Certificate of Service**

I hereby certify that on February 5, 2008, service of the foregoing Memorandum of Points and Authorities in Support of Motion to Dismiss Third-Party Complaint Against John R. Monroe was made by way of the Court's ECF filing system on the following:

Stephen Feldman
Attorney for Defendant Rebecca Tyree

I hereby certify that on February 5, 2008, I served the foregoing Memorandum of Points and Authorities in Support of Motion to Dismiss Third-Party Complaint Against John R. Monroe by first class mail postage prepaid to each entity or person named below at the address stated below for each entity or person:

Roosevelt Kyle
P.O. Box 1503
National City, CA 91951

Eagle Financial Services, LLC
c/o Roosevelt Kyle, Registered Agent
P.O. Box 1503
National City, CA 91951

COA Financial Group, LLC
c/o Roosevelt Kyle, Registered Agent
P.O. Box 1503
National City, CA 91951

/s/ John Monroe
JOHN R. MONROE
U.S. Department of Justice - Tax Division