KAREN P. HEWITT
United States Attorney

JOHN R. MONROE
IA Bar No. 0008881
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, DC  20044
Telephone: 202-307-0638
Facsimile: 202-514-6770
john.r.monroe@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>           v.<br><br>ROOSEVELT KYLE, individually or<br>d/b/a CENTURY ONE RESORTS, LTD<br>or CENTURY ONE ASSOCIATES;<br>REBECCA TYREE a/k/a/ RUBEE TYREE<br>or RUBY TYREE;<br>COA FINANCIAL GROUP, LLC d/b/a COA<br>FINANCIAL NETWORK TRUST c/o T&N<br>FASHION;<br>and<br>EAGLE FINANCIAL SERVICES, LLC<br><br>           Defendants.<br>_____<br><br>ROOSEVELT KYLE,<br><br>           Third-Party Plaintiff,<br><br>           v.<br><br>JOHN R. MONROE;<br>DOES 1 THROUGH 1000,<br><br>           Third-Party Defendants. | Case No. 07-cv-2187-IEG-NLS<br><br>**MEMORANDUM OF POINTS<br>AND AUTHORITIES IN SUPPORT OF<br>MOTION FOR DEFAULT<br>JUDGMENT AGAINST<br>EAGLE FINANCIAL SERVICES, LLC,<br>AND COA FINANCIAL GROUP, LLC** |

Case No. 07-cv-2187    2982170.2

**Table of Contents**

I. Default Judgment Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II. Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. IRS's Investigation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IV. Harm to the Public. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

V. Legal Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

   A. Injunction Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

   B. Count I: Injunction Under §§ 7407 and 7408. . . . . . . . . . . . . . . . . . . . . . . 10

   C. Count II: Injunction Under I.R.C. § 7402 for Unlawful
       Interference with the Enforcement of Internal Revenue Laws. . . . . . . . . . . 12

VI. Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Table of Authorities Cited**

Seventh Circuit

Griffin v. United States, 109 F.3d 1217 (7th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Merrill Lynch Mortg. Corp. v. Narayan, 908 F.2d 246 (7th Cir. 1990). . . . . . . . . . . . . . . . 4

Eighth Circuit

Angelo Iafrate Const., LLC v. Potashnick Const. Inc., 370 F.3d 715 (8th Cir. 2004). . . . . 4

Ninth Circuit

Bryant v. Carleson, 444 F.2d 353 (9th Cir. 1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Fair Housing of Marin v. Combs, 285 F.3d 899 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . 4

United States v. Estate Pres. Servs., 202 F.3d 1093 (9th Cir. 2000). . . . . . . . . . . . . . . . . 10

District Court Cases

United States v. Reddy, 500 F. Supp. 2d 877 (N.D. Ill. 2007). . . . . . . . . . . . . . . . . . . . . 10

Statutes

26 U.S.C. § 6694. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11

26 U.S.C. § 6695. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11

26 U.S.C. § 6701. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11

26 U.S.C. § 7402. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

26 U.S.C. § 7407. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11

26 U.S.C. § 7408. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11

<u>Other</u>

James William Moore, <u>Moore's Federal Practice</u>, ¶ 55.12[1] (3d ed. 1997). . . . . . . . . . . . 4

1   Defendants Eagle Financial Services, LLC ("Eagle") and COA Financial Group, LLC ("COA") are income tax return preparers who conduct business in the San Diego metropolitan area. Defendant Roosevelt Kyle operating as Eagle and COA prepared many fraudulent federal income tax returns and engaged in conduct that substantially interferes with the internal revenue laws. Eagle and COA have failed to answer or otherwise respond to the United States' complaint within the time required, and the clerk entered their default on January 7, 2008. For the reasons explained below, the Court should enter default judgment against Eagle and COA, permanently enjoining them from preparing or filing federal income tax returns for others and from otherwise interfering with the administration of the internal revenue laws.

## I. DEFAULT JUDGMENT STANDARD

Where, as here, default has been entered pursuant to Fed. R. Civ. P. 55(a), the defendants lose their standing before the Court, as well as their right to present evidence on issues other than unliquidated damages.[1] On entry of default, "the well-pleaded allegations of the complaint relating to liability are taken as true."[2] Moreover, the Court may take judicial notice of its own docket.[3] The effect of the Clerk's entries of default in this case on January 7, 2008, then, is to preclude the defendants from contesting the allegations in the Complaint (Doc. No. 1).

## II. BACKGROUND

Defendants Kyle and Tyree reside in San Diego, California, in this judicial district and do business in this judicial district. (Compl. ¶ 4). Kyle has prepared tax returns for others for compensation since 1983, with the exception of 2006 when he was incarcerated in federal prison for willfully failing to file federal income tax returns. (Compl. ¶ 5). Over the last eight years,

---

[1] 10 James Wm. Moore, *Moore's Federal Practice*, ¶ 55.12[1], at 55.18 (3d ed. 1997).

[2] *Fair Housing of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002)*; Angelo Iafrate Const., LLC v. Potashnick Const. Inc.*, 370 F.3d 715, 721-22 (8th Cir. 2004); *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990).

[3] *Bryant v. Carleson*, 444 F. 2d 353, 357-58 (9th Cir. 1971); *Griffin v. United States*, 109 F.3d 1217, 1218 n.1 (7th Cir. 1997).

Kyle has operated his tax preparation business using several entities or names, including Century One Resorts, COA Financial Group, LLC, and Eagle Financial Services, LLC. (Compl. ¶ 7). Kyle stopped personally signing returns in 2004, but Kyle still interviews customers and prepares returns that are signed by others. (*Id.*) He does this to thwart IRS efforts to detect his illegal conduct. (*Id.*)

The following numbers of returns were filed under the Employer Identification Numbers of COA and Eagle and under Kyle's identification number:

| Name of Person/Entity | Number Returns Filed by Entity from 2000-2007: | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | 2007* |
| Roosevelt Kyle | 1572 | 1632 | 1864 | 136 | 12 | 2 | 1 | 5 |
| Century One Resorts | 0 | 0 | 0 | 1451 | 2511 | 57 | 4 | 2 |
| COA Financial Network Trust/COA Financial Group, LLC | 0 | 0 | 0 | 0 | 0 | 2527 | 34 | 7 |
| Eagle Financial Services, LLC | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1136 |

* As of September 27, 2007

(Compl. ¶ 8).

According to public records, Defendant Eagle Financial Services, LLC, was formed in January 2007 and Roosevelt Kyle is listed as its agent for service of process. (Compl. ¶ 9). Kyle reopened his tax preparation business as Eagle Financial Services, LLC, in 2007 after he was released from prison. (*Id.*). According to public records, COA Financial Group, LLC, was formed in June 2004 and Roosevelt Kyle is its agent for service of process. (Compl. ¶ 10).

**COA and Eagle's Tax Preparation Business**

Kyle, individually and through the named entities, prepares federal income tax returns that unlawfully understate their customers' tax liabilities, most commonly by fabricating or

inflating deductions on Schedule A, "Itemized Deductions," and Schedule C, "Profit or Loss from Business." (Compl. ¶ 13). COA and Eagle's customers are generally wage earners who are not familiar with internal revenue laws, rules and regulations. (Compl. ¶ 14). COA and Eagle generate new business through word of mouth as they gain a reputation for being able to generate larger tax refunds than other return preparers. (Compl. ¶ 15).

As a direct result of COA and Eagle's fraudulent return preparation, their customers have filed federal income tax returns understating their federal income tax liabilities and claiming large income tax refunds to which they were not entitled. (Compl. ¶ 16).

### III. IRS'S INVESTIGATION

As of September 26, 2007, the IRS has examined approximately 254 returns prepared between 2002 and 2007 by Kyle and Tyree under the auspices of Century One Associates, COA Financial Network, or Eagle Financial Services. (Compl. ¶ 17). Eagle Financial Services, LLC, is the most recent business name used by Kyle's tax preparation business. (Compl. ¶ 27). Of the examined returns, 82 were prepared by COA Financial Network and 15 were prepared by Eagle Financial Services. (Decl. Shereen Hawkins ¶ 14, submitted as Exhibit A to Motion for Preliminary Injunction Against Roosevelt Kyle (Doc. No. 18)). The examinations revealed that all but approximately eight of the 254 returns understated the customer's tax liability. The IRS is continuing to examine returns prepared by Kyle, Tyree, and Eagle Financial Services. (Compl. ¶ 17).

Customers consented to the IRS's adjustments on approximately 127 of the examined returns. (Compl. ¶ 18). The total of the agreed tax understatements on those returns was $419,725 which was an average understatement of approximately $3,304 per return. (Compl. ¶ 18). The defendants prepared the 254 examined returns for approximately 218 customers and 116 of those customers consented to the IRS's adjustments to their returns. (Compl. ¶ 19).

In 2007 the IRS conducted an undercover investigation of Kyle and his tax preparation business, which was operating as Eagle Financial Services, LLC. An IRS undercover agent posed as a customer and paid Kyle to prepare a tax return. Kyle conducted the tax preparation

interview with the undercover agent, but the return was signed by Rebecca Tyree, Kyle's office manager and business associate. The return Kyle prepared for the undercover agent fabricated employee business expenses and charitable deductions. (Compl. ¶ 20).

The estimated tax loss caused by the defendants' misconduct between 2002 and 2007 is approximately $18 million. (Compl. ¶ 21). Kyle has known about the IRS's investigations of his tax preparation business and activities since at least 1987, but has repeatedly and continually engaged in improper and enjoinable conduct. (Compl. ¶ 22). In 1987 the IRS assessed against Kyle two preparer penalties under 26 U.S.C. § 6694 for conduct occurring in 1983 and 1984, and in 1998 the IRS assessed against Kyle another penalty under 26 U.S.C. § 6694 for negligently understating the tax liability of a customer on return prepared in 1995. (Compl. ¶ 23).

The defendants willfully, intentionally, and/or recklessly understate their customers' income tax liabilities by preparing returns that improperly contain fabricated or inflated deductions on Schedules A and C. (Compl. ¶ 24).

**Inflated or Bogus Schedule A Employee Business Expenses**

The defendants continually and repeatedly prepare federal income tax returns claiming inflated or bogus Schedule A employee business expenses to offset customers' Form W-2 wage income. (Compl. ¶ 25). Approximately 167 of the returns the IRS examined contained adjustments for inflated or unsubstantiated Schedule A employee business expenses. (Compl. ¶ 26). Eagle prepared 15 and COA prepared 64 of the 167 returns with inflated or unsubstantiated Schedule A employee business expenses. (Exhibit A-1 filed in support of Motion for Preliminary Injunction, Doc. No. 18).

For example, in 2007 Kyle prepared under the business name Eagle Financial Services a return for an undercover IRS agent who posed as a customer that fabricated over $7,300 of unreimbursed employee business expenses, including over $1,900 of bogus laundry and cleaning expenses. Although Kyle did not sign the return, he conducted the interview with the undercover agent. Kyle promised the undercover agent that Kyle would use his "creative" mind to reduce the undercover agent's tax liability. Tyree signed the return, even though the

undercover agent was interviewed only by Kyle. (Compl. ¶ 27).

On a Chula Vista, California customer's 2003 return, Kyle fabricated over $5,000 of employee business expenses, including over $1,600 of bogus laundry and upkeep expenses. The customer never incurred those expenses and is unaware of how Kyle arrived at the amounts claimed. (Compl. ¶ 28).

Kyle fabricated employee business expenses on the 2006 return of a San Diego couple. The couple's 2006 return falsely reported that the wife incurred business travel expenses of approximately $4,710. This customer provided no information to Kyle to support this claim and in fact did not incur any business travel expenses. The customer's Form 2106, "Unreimbursed Employee Business Expenses," also falsely claims that the customer had written evidence to support the reported travel expenses. This couple's 2006 return also falsely claimed over $2,400 for "work clothes and upkeep" expenses. This couple agreed to the IRS's adjustments to their 2006 return. (Compl. ¶ 29).

**Inflated or Bogus Charitable Contributions**

Defendants continually and repeatedly prepare federal income tax returns claiming inflated or bogus charitable contributions. (Compl. ¶ 30). Approximately 180 of the returns the defendants prepared and the IRS examined contained adjustments for inflated or unsubstantiated charitable contributions deductions. (Compl. ¶ 31). Eagle prepared approximately 15 and COA prepared approximately 54 of the 180 returns that contained adjustments for inflated or unsubstantiated charitable contributions deductions. (Exhibit A-1 filed in support of Motion for Preliminary Injunction, Doc. No. 18).

Kyle fabricated charitable contribution deductions on the IRS undercover agent's 2006 return (prepared in 2007). The IRS undercover agent gave Kyle no information to support a claim for charitable deductions, yet the undercover agent's return claimed a $2,000 contribution to the Girl Scouts and a $500 non-cash contribution to Goodwill. (Compl. ¶ 32).

Kyle also inflated charitable contributions on the 2006 return he prepared for a San Diego couple. This customer gave Kyle documentation of cash contributions to the customer's church.

However, the customer's return claimed a deduction for cash charitable contributions exceeding the amount supported by the customer's documentation and contained fabricated non-cash contributions to Goodwill in the amount of $500. This customer agreed with the IRS's adjustments. (Compl. ¶ 34).

### Inflated or Bogus Schedule C Business Expenses

Kyle and his tax preparation business continually and repeatedly prepared federal income tax returns claiming inflated or bogus Schedule C business expenses. (Compl. ¶ 35).

Approximately 138 of the returns the IRS examined contained inflated or unsubstantiated Schedule C business expenses. (Compl. ¶ 36). Approximately 19 of those returns were prepared by COA Financial Network. (Exhibit A-1 filed in support of Motion for Preliminary Injunction, Doc. No. 18).

### IV. HARM TO THE PUBLIC

The United States is substantially harmed because COA and Eagle in association with Defendants Kyle and Tyree have not accurately reported their customers' correct tax liabilities. The IRS estimates that the total tax loss to the Treasury from the Defendants' misconduct (including COA and Eagle) as approximately $18 million (Compl. ¶ 21).

COA and Eagle's misconduct further harms the United States by requiring the IRS to devote scarce resources to detecting the fraud and assessing and collecting lost tax revenues from the defaulted defendant's customers. Identifying and recovering all lost revenues may be impossible. The harm to the Government will increase unless COA and Eagle are enjoined because they would still be free to continue preparing false and fraudulent income tax returns for customers. According to IRS records, COA and Eagle continued to prepare returns in 2007. (Compl. ¶ 8).

In addition, COA and Eagle's customers have been harmed because they have paid COA and Eagle fees to prepare tax returns that understated their correct federal income tax liabilities, thereby subjecting them to interest charges and possible civil and criminal sanctions. Finally, COA and Eagle's misconduct also undermines public confidence in the federal tax system and

encourages widespread violations of the internal revenue laws.

## V. LEGAL ARGUMENT

### A. Injunction Standard

This Court has authority to grant injunctive relief under I.R.C. § 7407 if the Government proves that the defendant engaged in conduct subject to penalty under I.R.C. §§ 6694, 6695, and under I.R.C. § 7408 for engaging in conduct subject to penalty under I.R.C. § 6701, and if injunctive relief is appropriate to prevent the recurrence of that conduct. As I.R.C. § 7407 and 7408 expressly authorize the issuance of a permanent injunction upon satisfying the criteria above, the United States is not required to meet the traditional equitable factors typically required before the issuance of an injunction.[4]

### B. Count I: Injunction Under §§ 7407 and 7408

Internal Revenue Code § 7407 authorizes the United States to seek an injunction against any tax preparer who has engaged in any "fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws," or who has "engaged in any conduct subject to penalty under section 6694 or 6695." Code § 7408 authorizes an injunction against anyone who has engaged in conduct subject to penalty under Code § 6701. If a return preparer's misconduct is continual or repeated and the court finds that a narrower injunction (*i.e.* prohibiting specific enumerated conduct) would not be sufficient to prevent the preparer's interference with the proper administration of federal tax laws, the court may enjoin the person from further acting as a return preparer. Section 6694(a)[5] penalized tax preparers who

---

[4] *See United States v. Estate Pres. Servs.*, 202 F.3d 1093, 1098 (9th Cir. 2000) ("The traditional requirements for equitable relief need not be satisfied since Section 7408 expressly authorizes the issuance of an injunction."); *United States v. Reddy*, 500 F. Supp. 2d. 877, 881-82 (N.D. Ill. 2007) (holding that for a preliminary injunction under Section 7407 the traditional preliminary injunction test is not applied and the United States only needed to meet the statutory criteria of Section 7407).

[5] In May 2007, Congress altered the requirements for penalties under Section 6694(a) effective for returns prepared after the date of enactment. U.S. Troop Readiness, Veterans' Care,

prepare a return or claim that contains a frivolous or unrealistic position. Section 6694(b) penalizes tax preparers who willfully attempt to understate a customer's tax liability on a return or claim, or who make an understatement on a return due to reckless or intentional disregard of rules or regulations.

COA and Eagle have continually and repeatedly prepared and submitted federal tax returns that contain unrealistic and frivolous positions and have willfully attempted to understate customers' correct tax liabilities, and have thus engaged in conduct subject to penalty under I.R.C. § 6694 and 6701.

Code Section 6695(b) penalizes tax return preparers for failing to sign returns they prepare, unless it is shown that such a failure is due to reasonable cause and not due to willful neglect. Between 2004 and 2007, Kyle, operating as both COA and Eagle continually and repeatedly failed to sign returns that he has prepared and thus has engaged in conduct subject to penalty under I.R.C. § 6695(b).

Code Section 6695(c) penalizes tax return preparers for failing to furnish an identifying number with respect to any return for which they are the return preparer. Between 2004 and 2007, COA and Eagle, through Kyle continually and repeatedly failed to furnish an identifying number with respect to returns they signed and/or prepared.

COA and Eagle have continually and repeatedly engaged in other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws. Injunctive relief is appropriate to prevent this misconduct because, absent an injunction, COA and Eagle are likely to continue to prepare false federal income tax returns and engage in other

---

Katrina Recovery, and Iraq Accountability Appropriations Act, 2007, Pub. L. No. 110-28, § 8246(a)(2)(F)(I), (b), 121 Stat. 112, 202, 203 (May 25, 2007). Because this evidence focuses on returns prepared prior to May 2007, the government relies only on the prior penalty requirements. Moreover, the alleged conduct is subject to penalty under both the old and new versions of 26 U.S.C. § 6694(a).

misconduct of the type described in this complaint. COA and Eagle have been used by Kyle to engage in conduct subject to penalty under Code §§ 6694 and 6701 and continued to engage in other fraudulent or deceptive conduct even after Kyle was aware the IRS was investigating his tax preparation business and after he was assessed penalties under Code § 6694.

COA and Eagle should be permanently enjoined under Code § 7407 from acting as tax return preparers because a more limited injunction would be insufficient to stop them from interfering with the proper administration of the tax laws. COA and Eagle should be enjoined under Code § 7408 from further engaging in conduct subject to penalty under Code § 6701.

### C. Count II: Injunction under I.R.C. § 7402 for Unlawful Interference with the Enforcement of the Internal Revenue Laws

Code § 7402(a) authorizes courts to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws." The remedies available to the United States under this statute "are in addition to and not exclusive of any and all other penalties." Code § 7402(a).

COA and Eagle, through the actions described above, have engaged in conduct that substantially interferes with the administration and enforcement of the internal revenue laws, and are likely to continue to engage in such conduct unless enjoined. COA and Eagle's conduct causes irreparable injury to the United States and an injunction under Code § 7402(a) is necessary and appropriate. Unless COA and Eagle are enjoined, the IRS will have to devote substantial time and resources to identify and locate their customers, and then examine their customers' tax returns and liabilities. Pursuing all individual customers may be impossible given the IRS's limited resources.

COA and Eagle should be permanently enjoined under 26 U.S.C. § 7402(a) as it is necessary and appropriate for the enforcement of internal revenue laws.

### CONCLUSION

The United States requests that the Court enjoin Eagle and COA, and anyone acting in

active concert or participation with them from directly or indirectly: (1) acting as a tax-return preparer and from engaging in conduct subject to penalty under I.R.C. § 6701; (2) preparing or filing federal tax returns for others; (3) engaging in any conduct subject to penalty under I.R.C. § 6694, including preparing any part of a return or claim for refund that includes a willful understatement of tax or a position for which there is no reasonable belief that the position would more likely than not be sustained and for which there is no reasonable basis; (4) engaging in any conduct that interferes with the administration and enforcement of the internal revenue laws.

       The United States also requests that the Court enjoin Eagle and COA from representing persons before the IRS.

       Further, the United States requests that the Court order Eagle and COA to contact by mail all persons for whom they prepared any federal-income-tax return or other tax-related documents after January 1, 2003, and inform those persons of the entry of the Court's findings concerning the falsity of representations they made on their customers' tax returns, and that a permanent injunction has been entered against them.

       The United States also requests that the Court order Eagle and COA to turn over to counsel for the United States a list of the names, addresses, e-mail addresses, phone numbers, and Social Security numbers of all individuals or entities for whom Eagle and COA prepared or helped to prepare any tax-related documents, including claims for refund or tax returns since January 1, 2003.

Finally, it is requested that the Court permit the United States to engage in post-judgment discovery to ensure compliance with any injunction entered.

Dated: February 5, 2008

                                        Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ John Monroe
JOHN R. MONROE
IA Bar No. 0008881
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
Telephone: 202-307-0638
Fax: 202-514-6770
E-mail: john.r.monroe@usdoj.gov
Attorneys for Plaintiff

*Certificate of Service*

I hereby certify that on February 5, 2008, service of the foregoing Memorandum of Points and Authorities in Support of Motion for Default Judgment Against Eagle Financial Services, LLC, and COA Financial Group, LLC, was made by way of the Court's ECF filing system on the following ECF participants:

Stephen Feldman
Attorney for Rebecca Tyree

I hereby certify that on February 5, 2008, I served the foregoing Memorandum of Points and Authorities in Support of Motion for Default Judgment Against Eagle Financial Services, LLC, and COA Financial Group, LLC, by first class mail postage prepaid to each entity or person named below at the address stated below for each entity or person:

Roosevelt Kyle
P.O. Box 1503
National City, CA 91951

Eagle Financial Services, LLC
c/o Roosevelt Kyle, Registered Agent
P.O. Box 1503
National City, CA 91951

COA Financial Group, LLC
c/o Roosevelt Kyle, Registered Agent
P.O. Box 1503
National City, CA 91951

/s/ John Monroe
U.S. Department of Justice - Tax Division
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-0638
Facsimile: (202) 514-6770
E-mail: john.r.monroe@usdoj.gov