KAREN P. HEWITT
United States Attorney

JOHN R. MONROE
IA Bar No. 0008881
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, DC  20044
Telephone: 202-307-0638
Facsimile: 202-514-6770
john.r.monroe@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>ROOSEVELT KYLE, individually or<br>d/b/a CENTURY ONE RESORTS, LTD<br>or CENTURY ONE ASSOCIATES;<br>REBECCA TYREE a/k/a/ RUBEE TYREE<br>or RUBY TYREE;<br>COA FINANCIAL GROUP, LLC d/b/a COA<br>FINANCIAL NETWORK TRUST c/o T&N<br>FASHION;<br>and<br>EAGLE FINANCIAL SERVICES, LLC<br><br>               Defendants.<br>_____<br><br>ROOSEVELT KYLE,<br><br>               Third-Party Plaintiff,<br><br>     v.<br><br>JOHN R. MONROE;<br>DOES 1 THROUGH 1000,<br><br>               Third-Party Defendants. | Case No. 07-cv-2187-IEG-NLS<br><br>**MEMORANDUM OF POINTS<br>AND AUTHORITIES IN SUPPORT OF<br>MOTION FOR DEFAULT JUDGMENT<br>AS A SANCTION AGAINST<br>ROOSEVELT KYLE** |

Case No. 07-cv-2187    3200973.2

This is a suit for injunctive relief under sections 7402, 7407, and 7408 of the Internal Revenue Code (26 U.S.C.)("IRC") in which the United States seeks to permanently enjoin the defendant Roosevelt Kyle from preparing federal tax returns for others. Because of Kyle's repeated violation of court orders, the United States has moved for a default judgment as a sanction under Fed. R. Civ. P. 16(f).

**STATEMENT OF FACTS**

1. The United States filed its complaint for an injunction under I.R.C. §§ 7402, 7407, and 7408 on November 15, 2007 (Doc. No. 1).

2. On December 21, 2007, Defendant Roosevelt Kyle filed an Answer to the United States' Complaint (Doc. No. 5).

3. On January 7, 2008, the Court set a telephonic Early Neutral Evaluation Conference for February 11, 2008 before Magistrate Judge Nita L. Stormes (Doc. No. 17).

4. According to the Notice of Electronic Filing, notice of the Order setting the telephonic Early Neutral Evaluation Conference was delivered to Roosevelt Kyle.

5. Counsel for the United States attempted to coordinate with Kyle to arrange for his appearance, via telephone, at the Early Neutral Evaluation Conference. Kyle never responded to the United States. (Declaration of John Monroe, at ¶ 2).

6. On February 11, 2008, Kyle failed to appear at the Early Neutral Evaluation Conference (Doc. No. 24).

7. On February 11, 2008, the Court set an Order to Show Cause hearing for February 28, 2008, ordering Kyle to appear in person before the Court on February 28, 2008 (Doc. No. 25).

8. On February 11, 2008, the Court also ordered the parties, including Kyle, to appear telephonically on March 28, 2008 (which was later reset for April 4, 2008) for a Case Management Conference and for a parties to hold a Rule 26(f) conference by March 6, 2008, and lodge a Joint Discovery Plan with Magistrate

|     |     |     |
| --- | --- | --- |
| 1   |     | Judge Stormes on or before March 17, 2008 (Doc. No. 25). |
| 2   | 9.  | Counsel for the United States attempted to arrange for Kyle's participation in the both the Rule 26(f) conference and drafting of the Joint Discovery Plan, but Kyle did not respond to counsel for the United States. |
| 5   | 10. | Kyle failed to appear at the Order to Show Cause hearing on February 28, 2008 (Doc. No. 28) and on February 28, 2008 the court imposed monetary sanctions on Kyle in the amount of $500 and required Kyle to deposit $500 with the Clerk of Court by March 10, 2008.  The Court also notified Kyle in its order of the possibility of the sanction of default if he failed to comply with the Court's order(s) (Doc. No. 30). |
| 11  | 11. | Kyle failed to deposit $500 with the Clerk of Court by March 10, 2008 (Doc. No. 33). |
| 13  | 12. | On March 14, 2008, the Court issued a Second Order to Show Cause and set a Second Order to Show Cause Hearing for April 4, 2008. (Doc. No. 33) |
| 15  | 13. | In its March 14, 2008 Order (Doc. No. 33), the Court ordered Kyle to appear in person on April 4, 2008, and show cause why default should not be entered against him for failing to comply with the Court's orders. |
| 18  | 14. | On April 4, 2008, Kyle failed to appear at the Second Order to Show Cause Hearing and Case Management Conference and the Court ordered Kyle to pay an additional $500 to the Clerk of Court by April 18, 2008. (Doc. Nos. 34 and 35). |
| 21  | 15. | The Court in its April 4, 2008 Order (Doc. No. 35) again warned Kyle that his failure to comply with the Court's orders may be grounds for the sanction of entry of default. |
| 24  | 16. | According to Notices of Electronic Filing, notice of the Court's Orders (Doc. Nos. 17, 25, 30, 33 and 35) were delivered to Roosevelt Kyle. (Exhibits C-G attached to Decl. John Monroe). |
| 27  | 17. | Additionally, on February 14, 2008, the United States mailed via U.S. Express |

3    Case No. 07-cv-2187    3200973.2

Mail a copy of the Court's Order issued on February 11, 2008, setting the first Order to Show Cause Hearing. The United States received confirmation from the United States Postal Service that Kyle received this letter. (Decl. John Monroe, at ¶¶ 4-6 and Exhibits A and B).

## ARGUMENT

I. THE COURT SHOULD ENTER DEFAULT JUDGMENT AS A SANCTION FOR KYLE'S REPEATED FAILURE TO COMPLY WITH THE COURT'S ORDERS.

Federal Rule of Civil Procedure 16 permits the imposition of sanctions (as provided for in Rule 37(b)(2)(A)(ii)-(vii)) against a party who (1) fails to appear a scheduling or other pretrial conference and/or (2) fails to obey a scheduling or other pretrial order. One of the sanctions permitted under Rule 37(b)(2)(A)(vi) is "rendering a default judgment against the disobedient party." The court has broad discretion to fashion appropriate sanctions under Rule 16 for failure to comply with pretrial orders of the court. *See, e.g.*, *Lindsey v. United States*, 693 F.Supp. 1012 (W.D. Okla. 1988).

Because a default judgment is a drastic sanction, it may only be imposed if there is willfulness, fault, or bad faith.[1] *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981). "Willfulness," in this context, has been defined as follows: "[T]o be 'willful,' the failure need not necessarily be accompanied by wrongful intent. It is sufficient if it is conscious or intentional, not accidental or involuntary." *Ohio v. Crofters*, 75 F.R.D. 12, 24 (D. Colo. 1977), *aff'd sub nom. Ohio v. Anderson*, 570 F.2d 1370 (10th Cir. 1978).

Because Rule 16 incorporates the sanctions provision of Rule 37, it is appropriate to look to this court's analysis on when the sanction of default under Rule 37 is appropriate. The Ninth Circuit looks to five factors in determining whether a default judgment is an appropriate sanction

---

[1] In addition to Rule 37 sanctions, "[c]ourts are invested with inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992)(quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)); *accord Anheuser-Busch, Inc. v. Natural Beverage Dist.*, 69 F.3d 337, 348 (9th Cir. 1995).

1  under Rule 37: "(1) the public's interest in expeditious resolution of litigation; (2) the court's
2  need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the
3  public policy favoring disposition of cases on their merits; and (5) the availability of less drastic
4  sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) (default judgment for
5  defendant's failure to comply with discovery)(citing *Malone v. United States Postal Service*, 833
6  F.2d 128, 130 (9th Cir. 1987), *cert. den.*, 488 U.S. 819 (1988)).

In this case less drastic sanctions have been imposed on Kyle and have not altered his non-compliance with the Court's pretrial orders. The Court repeatedly warned Kyle of the possibility of the sanction of default and yet he failed to appear at a hearing to show cause why the sanction of default should not be imposed.

Kyle was warned by Orders entered on February 28, 2008 (Doc. No. 30) and on March 14, 2008 (Doc. No. 33) of the possibility of terminating sanctions and was given an opportunity to appear to show cause for his non-compliance with the Court's pre-trial orders. Despite the Court's warnings, Kyle still failed to comply with the Court's orders to appear and pay monetary sanctions.

The public policy interest of resolving the United States' suit against Kyle on the merits is mitigated by the fact that Kyle has been afforded the opportunity to challenge the merits of the government's claims against him and yet has chosen not to avail himself of this opportunity. Kyle did not respond to the United States' motion for preliminary injunction (Doc. No. 18) and the Court has already entered a preliminary injunction against Kyle after reviewing evidence supporting the United States' claims.

It is unlikely that additional lesser sanctions will induce Kyle's compliance with the Court's orders, consequently default judgment should be entered against Kyle for his wholesale disregard for the Court's orders, the Federal Rules of Civil Procedure, and the rules of this Court.

Dated: April 25, 2008

    Respectfully submitted,

    KAREN P. HEWITT
    United States Attorney

    /s/ John Monroe
    JOHN R. MONROE
    IA Bar No. 0008881
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 7238
    Washington, D.C. 20044
    Telephone: 202-307-0638
    Fax: 202-514-6770
    E-mail: john.r.monroe@usdoj.gov
    Attorneys for Plaintiff

*Certificate of Service*

I hereby certify that on April 25, 2008, service of the foregoing Memorandum of Points and Authorities in Support of Motion for Default Judgment as a Sanction Against Roosevelt Kyle, was made by way of the Court's ECF filing system on the following ECF participants:

    Stephen Feldman
    Attorney for Rebecca Tyree

I hereby certify that on April 25, 2008, I served the foregoing Memorandum of Points and Authorities in Support of Motion for Default Judgment as a Sanction Against Roosevelt Kyle, by first class mail postage prepaid to each entity or person named below at the address stated below

for each entity or person:

    Roosevelt Kyle
    P.O. Box 1503
    National City, CA 91951

    Eagle Financial Services, LLC
    c/o Roosevelt Kyle, Registered Agent
    P.O. Box 1503
    National City, CA 91951

    COA Financial Group, LLC
    c/o Roosevelt Kyle, Registered Agent
    P.O. Box 1503
    National City, CA 91951

/s/ John Monroe
U.S. Department of Justice - Tax Division
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-0638
Facsimile: (202) 514-6770
E-mail: john.r.monroe@usdoj.gov