Exhibit A

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-cv-2187-IEG-NLS |
| ) | |
| ROOSEVELT KYLE, individually or ) | |
| d/b/a CENTURY ONE RESORTS, LTD ) | |
| or CENTURY ONE ASSOCIATES; ) | **ORDER GRANTING UNITED STATES'** |
| REBECCA TYREE a/k/a/ RUBEE TYREE ) | **MOTION FOR PRELIMINARY** |
| or RUBY TYREE; ) | **INJUNCTION AGAINST** |
| COA FINANCIAL GROUP, LLC d/b/a COA ) | **ROOSEVELT KYLE** |
| FINANCIAL NETWORK TRUST c/o T&N ) | |
| FASHION; ) | |
| and ) | |
| EAGLE FINANCIAL SERVICES, LLC ) | |
| ) | |
| Defendants, ) | |
| ) | |
| ROOSEVELT KYLE, ) | |
| ) | |
| Third-Party Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN R. MONROE, ) | |
| DOES 1 THROUGH 1000 ) | |
| ) | |
| Third-Party Defendants. ) | |

Upon motion by Plaintiff, the United States of America, the Court makes the following findings of fact and conclusions of law and enters this preliminary injunction.

**Standards for Preliminary Injunction**

In order to obtain a preliminary injunction prohibiting Roosevelt Kyle from acting as an income tax return preparer pursuant to 26 U.S.C. (Internal Revenue Code, I.R.C., or the "Code") § 7407, the United States must show a likelihood of success on the merits that (1) Kyle engaged in conduct subject to penalty under Code §§ 6694 or 6695 or engaged in fraudulent or deceptive conduct that substantially interfered with the proper administration of internal revenue laws; (2) injunctive relief is appropriate to prevent the recurrence of such conduct; and (3) Kyle continually or repeatedly engaged in conduct described in (1) above and a more limited injunction of such conduct would not be sufficient to prevent interference with the proper administration of internal revenue laws.

In order to obtain a preliminary injunction pursuant to Code § 7408 the United States must show a likelihood of success on the merits that the (1) Kyle engaged in conduct subject to penalty under Code § 6701; and (2) injunctive relief is appropriate to prevent the recurrence of such conduct.

In order to obtain a preliminary injunction pursuant to Code § 7402, the United States must show a likelihood of success on the merits that an injunction is necessary or appropriate for the enforcement of the internal revenue laws.

**Findings of Fact**

1. Kyle resides in San Diego, California, in this judicial district and does business in this judicial district.

2. Kyle has prepared tax returns for others for compensation since 1983, with the exception of 2006 when he was incarcerated in federal prison for willfully failing to file federal income tax returns.

3. Over the last eight years, Kyle has operated his tax preparation business using several entities or names, including Century One Resorts, COA Financial Group, LLC, and

Eagle Financial Services, LLC. Kyle stopped personally signing returns in 2004, but Kyle still interviews customers and prepares returns that are signed by others. He does this to thwart IRS efforts to detect his illegal conduct.

4. The following numbers of returns were filed under the Employer Identification Numbers of the entities listed in paragraph 3 above and under Kyle's identification number:

| Name of Person/Entity | Number Returns Filed by Entity from 2000-2007: | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | 2007* |
| Roosevelt Kyle | 1572 | 1632 | 1864 | 136 | 12 | 2 | 1 | 5 |
| Century One Resorts | 0 | 0 | 0 | 1451 | 2511 | 57 | 4 | 2 |
| COA Financial Network Trust/COA Financial Group, LLC | 0 | 0 | 0 | 0 | 0 | 2527 | 34 | 7 |
| Eagle Financial Services, LLC | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1136 |

* As of September 27, 2007

### Kyle's Tax Preparation Business

5. On average Kyle and his businesses prepared and filed approximately 1,500 returns per year since 2000.

6. Kyle most recently operated his business from 2414 Hoover Avenue, National City, CA 91950, in the San Diego metropolitan area.

7. Kyle, individually and through the named entities, prepares federal income tax returns that unlawfully understate his customers' tax liabilities, most commonly by fabricating or inflating deductions on IRS Form 1040 Schedule A, "Itemized Deductions," and Schedule C, "Profit or Loss from Business."

8. As a direct result of Kyle's fraudulent return preparation, his customers' filed federal income tax returns understate their federal income tax liabilities and claim large income

tax refunds to which they were not entitled.

## IRS's Investigation

9. As of September 26, 2007, the IRS has examined over 200 returns prepared between 2002 and 2007 by Kyle individually and under the auspices of Century One Associates, COA Financial Network, or Eagle Financial Services. The examinations revealed that all but approximately eight of the returns understated the customer's tax liability.

10. Customers consented to the IRS's adjustments on approximately 127 of the examined returns. The total of the agreed tax understatements on those returns was $419,725 which was an average understatement of approximately $3,304 per return.

11. In 2007 the IRS conducted an undercover investigation of Kyle and his tax preparation business, which he operated as Eagle Financial Services, LLC. An IRS undercover agent posed as a customer and paid Kyle to prepare a tax return. Kyle conducted the tax preparation interview with the undercover agent, but the return was signed by Rebecca Tyree, Kyle's office manager and business associate. The return Kyle prepared for the undercover agent fabricated employee business expenses and charitable deductions.

12. The estimated tax loss caused by Kyle's misconduct between 2002 and 2007 is approximately $18 million.

13. Kyle has known about the IRS's investigations of his tax preparation business and activities since at least 1987, but has repeatedly and continually engaged in improper and enjoinable conduct.

14. In 1987 the IRS assessed against Kyle two preparer penalties under 26 U.S.C. § 6694 for conduct occurring in 1983 and 1984.

15. Kyle willfully, intentionally, and/or recklessly understates his customers' income tax liabilities by preparing returns that improperly contain fabricated or inflated deductions on IRS Form 1040, Schedules A and C.

## Inflated or Bogus Schedule A Employee Business Expenses

16. Kyle continually and repeatedly prepares federal income tax returns claiming

inflated or bogus Schedule A unreimbursed employee business expenses to offset customers' Form W-2 wage income.

17. Approximately 167 of the returns the IRS examined contained inflated or unsubstantiated Schedule A unreimbursed employee business expenses.

18. For example, in 2007 Kyle (under the auspices of Eagle Financial Services) prepared for an undercover IRS agent who posed as a customer a return on which Kyle fabricated over $7,300 of unreimbursed employee business expenses, including over $1,900 of bogus laundry and cleaning expenses. Although Kyle did not sign the return, he conducted the interview with the undercover agent. Kyle promised the undercover agent that Kyle would use his "creative" mind to reduce the undercover agent's tax liability.

19. On customer Eva Leomo's 2003 return, Kyle fabricated over $5,000 of employee business expenses, including over $1,600 of bogus laundry and upkeep expenses. The customer never incurred those expenses and is unaware of how Kyle arrived at the amounts claimed.

20. Kyle fabricated employee business expenses on the 2006 return of Ofelia and Juan Uriarte. The Uriartes' 2006 return falsely reported that Mrs. Uriarte incurred business travel expenses of approximately $4,710. The Uriartes provided no information to Kyle to support this claim and in fact Mrs. Uriarte did not incur any business travel expenses. On the Uriartes' Form 2106, "Unreimbursed Employee Business Expenses," Kyle also falsely claimed that the customer had written evidence to support the reported travel expenses. Kyle also falsely claimed on the return over $2,400 for "work clothes and upkeep" expenses. The Uriartes agreed to the IRS's adjustments to their 2006 return.

**Inflated or Bogus Charitable Contributions**

21. Roosevelt Kyle continually and repeatedly prepares federal income tax returns claiming inflated or bogus charitable contributions.

22. Approximately 180 of the returns Kyle and/or his businesses prepared and the IRS examined contained inflated or unsubstantiated deductions for charitable contributions.

23. Kyle fabricated charitable contribution deductions on the IRS undercover agent's

2006 return (prepared in 2007). The IRS undercover agent gave Kyle no information to support a claim for charitable deductions, yet the undercover agent's return claimed a $2,000 contribution to the Girl Scouts and a $500 non-cash contribution to Goodwill.

24. On the 2003 return that Kyle prepared for Eva Leomo he fabricated over $3,500 of charitable contributions including a reported $500 non-cash contribution to Goodwill.

25. Kyle also inflated charitable contributions on the 2006 return he prepared for the Uriartes. The Uriartes gave Kyle documentation of cash contributions to their church. However, Kyle prepared the return claiming a deduction for cash charitable contributions exceeding the amount supported by the Uriartes' documentation and containing fabricated non-cash contributions to Goodwill in the amount of $500. The Uriartes agreed with the IRS's adjustments disallowing those charitable contribution deductions.

**Inflated or Bogus Schedule C Business Expenses**

26. Kyle and his tax preparation business continually and repeatedly prepared federal income tax returns claiming inflated or bogus Schedule C business expenses.

27. Approximately 138 of the returns the IRS examined contained inflated or unsubstantiated Schedule C business expenses.

28. For example, Eva Leomo's 2003 return that Kyle prepared (using the business name COA Financial Network) claimed more than $2,000 in fabricated deductions for Schedule C business expenses. Ms. Leomo did not incur these expenses and did not give Mr. Kyle information to support claimed deductions for these expenses.

**Failing to Sign Returns and to Provided Identification Numbers**

29. Between 2004 and 2007, Kyle has repeatedly failed to sign returns that he has prepared for others.

30. Kyle's failure to sign returns that he has prepared substantially interferes with the IRS's ability to properly enforce and administer internal revenue rules and regulations, including those that regulate the conduct of income tax return preparers.

31. In addition to failing to sign returns he prepared, between 2003 and 2007 Kyle

1  repeatedly failed to provide a preparer identification number on the returns he prepared.

2      32. By failing to provide a preparer identification number, Kyle substantially
3  interferes with the IRS's ability to properly enforce and administer internal revenue rules and
4  regulations, including those that regulate the conduct of income tax return preparers.

## Conclusions of Law

6      33. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345
7  and Internal Revenue Code (I.R.C., 26 U.S.C.) §§ 7402(a), 7407, and 7408.

8      34. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9      35. I.R.C. § 7407 authorizes a district court to enjoin an income tax return preparer from:
10  (A) engaging in conduct subject to penalty under I.R.C. §§ 6694 or 6695; or
11  (B) engaging in any fraudulent or deceptive conduct that substantially interferes with the
12      proper administration of the internal revenue laws,
13  if the court finds that injunctive relief is appropriate to prevent recurrence of such conduct.

14      36. If a court finds that the preparer's misconduct is continual or repeated, and that a
15  narrower injunction prohibiting only the specific conduct would not be sufficient to prevent the
16  preparer's interference with the proper administration of the internal revenue laws, I.R.C. § 7407
17  authorizes the court to enjoin the preparer from preparing returns altogether.

18      37. I.R.C. § 6694(a) penalizes a return preparer who understates a customer's liability
19  based on a position for which there is no realistic possibility of being sustained on the merits, if
20  the return preparer knew or reasonably should have known of the unrealistic position and the
21  unrealistic position was not disclosed or was frivolous.

22      38. I.R.C. § 6694(b) penalizes a return preparer who willfully attempts to understate a
23  taxpayer's liability or who understates a taxpayer's tax liability due to reckless or intentional
24  disregard of rules and regulations.

25      39. I.R.C. § 6695(b) penalizes a return preparer who fails to sign the returns he or she
26  prepares.

27      40. I.R.C. § 6695(c) penalizes a return preparer who fails to include an identification

1 | number on the returns he or she prepares.

2 |     41. Kyle has engaged in conduct subject to penalty under I.R.C. § 6694 by preparing returns that understate his customers' tax liabilities based on positions for which there is no realistic possibility of being sustained on the merits. Specifically, Kyle prepares returns that contain inflated or fabricated employee business expenses, other business expenses, and false charitable contribution deductions.

    42. Kyle knew or should have known of the unrealistic positions taken in the returns he prepared and filed for customers.

    43. The unrealistic positions Kyle took on the returns he prepared were frivolous and without a reasonable basis.

    44. Kyle violated I.R.C. § 6694(b) because his understatements of his customers' tax liabilities were willful or due to reckless and/or intentional disregard of internal revenue rules and regulations.

    45. Kyle also repeatedly failed to sign and/or include a preparer identification number on the returns he prepared.

    46. Kyle has engaged in fraudulent and/or deceptive conduct that substantially interfered with the proper administration of the internal revenue laws by: inflating or fabricating deductions on Schedules A and C.

    47. Kyle's continual and/or repeated violations of I.R.C. §§ 6694 and 6695 and his fraudulent or deceptive conduct fall within I.R.C. § 7407(b)(1)(A), (B), and (D), and is subject to injunction under I.R.C. § 7407.

    48. Kyle's continual and/or repeated conduct subject to injunction under I.R.C. § 7407 demonstrates that a narrow injunction prohibiting only specific misconduct would not prevent his continued interference with the proper administration of the internal revenue laws. An injunction preliminarily barring Kyle from acting as a return preparer is warranted.

    49. I.R.C. § 7408 authorizes a district court to enjoin a person from engaging in conduct subject to penalty under either I.R.C. §§ 6700 or 6701 if injunctive relief is appropriate to

1 prevent recurrence of that conduct.

2 50. I.R.C. § 6701 imposes a penalty on any person who aids or assists in, procures, or
3 advises with respect to the preparation or presentation of a federal tax return, refund claim, or
4 other document knowing (or having reason to believe) that it will be used in connection with any
5 material matter arising under the internal revenue laws and that if it is so used it would result in
6 an understatement of another person's tax liability.

7 51. Kyle knowingly inflated and fabricated deductions on his customers' federal income
8 tax returns.

9 52. Kyle has engaged in conduct that is subject to penalty under I.R.C. § 6701, and an
10 injunction under I.R.C. § 7408 is appropriate.

11 53. I.R.C. § 7402(a) authorizes a court to issue injunctions as may be necessary or
12 appropriate for the enforcement of the internal revenue laws, even if the United States has other
13 remedies available for enforcing the internal revenue laws.

14 54. Kyle has repeatedly interfered with the enforcement of the internal laws by his
15 conduct described above in paragraphs 16-29.

16 55. If Kyle is not enjoined, he is likely to continue to interfere with the enforcement of
17 the internal revenue laws.

### Preliminary Injunction

18 Based on the foregoing findings of facts and conclusions of law, the Court enters the
19 following preliminary injunction against Roosevelt Kyle, both individually and doing business as
20 Century One Resorts, Ltd. or Century One Associates:

21 A. Pursuant to I.R.C. §§ 7402(a) and 7407, it is ORDERED that Roosevelt Kyle,
22 individually and doing business as Century One Resorts, Ltd. or Century One Associates, or
23 under any other name or using any other entity is prohibited from directly or indirectly preparing
24 or filing, or assisting in the preparation or filing of federal income tax returns and related
25 documents for any person other than himself;

26 B. Pursuant to I.R.C. §§ 7408(c) and 7402(a), it is ORDERED that Roosevelt Kyle,

individually and doing business as Century One Resorts, Ltd. or Century One Associates, or under any other name or using any other entity is prohibited from directly or indirectly:

    1. Preparing or assisting in the preparation or filing of documents relating to a matter material to the internal revenue laws, including federal tax returns and related forms and documents, for any person other than himself;

    2. Engaging in conduct subject to penalty under I.R.C. § 6701.

C. Pursuant to I.R.C. § 7402(a), it is ORDERED that Roosevelt Kyle, individually and doing business as Century One Resorts, Ltd. or Century One Associates, or under any other name or using any other entity is prohibited from directly or indirectly representing customers or appearing on behalf of customers before the Internal Revenue Service;

D. Pursuant to I.R.C. § 7402(a), it is ORDERED that, no later than 21 days from the date this order is signed, Roosevelt Kyle shall contact all persons for whom he prepared or assisted in preparing a federal income tax return after January 1, 2004, and inform those persons of the entry of the Court's findings, the possibility of the imposition of penalties against him, the possibility that the United States may seek to assess and collect any federal income taxes, interest, and penalties against customers that customers may owe, and the entry of a preliminary injunction against Defendant Roosevelt Kyle. Further, Defendant Roosevelt Kyle, within 21 days from the date this order is signed, is to serve upon the government the complete list of persons (including names, addresses, phone numbers, and social security numbers) for whom he prepared or assisted in the preparing a federal income tax return after January 1, 2004.

**IT IS SO ORDERED.**

**DATED: February 23, 2008**

                                                **IRMA E. GONZALEZ, Chief Judge**
                                                **United States District Court**