IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-cv-2187-IEG-NLS |
| ) | |
| ROOSEVELT KYLE, individually or ) | |
| d/b/a CENTURY ONE RESORTS, LTD ) | |
| or CENTURY ONE ASSOCIATES; ) | |
| REBECCA TYREE a/k/a/ RUBEE TYREE ) | |
| or RUBY TYREE; ) | |
| COA FINANCIAL GROUP, LLC d/b/a COA ) | ORDER GRANTING MOTION FOR |
| FINANCIAL NETWORK TRUST c/o T&N ) | DEFAULT JUDGMENT |
| FASHION; ) | AGAINST COA FINANCIAL |
| and ) | GROUP, LLC AND EAGLE FINANCIAL |
| EAGLE FINANCIAL SERVICES, LLC ) | SERVICES, LLC |
| ) | |
| Defendants, ) | |
| ) | |
| ROOSEVELT KYLE, ) | |
| ) | |
| Third-Party Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN R. MONROE, ) | |
| DOES 1 THROUGH 1000 ) | |
| ) | |
| Third-Party Defendants. ) | |

3031845.1

Plaintiff United States filed its complaint for permanent injunction under sections 7402, 7407, and 7408 of the Internal Revenue Code (26 U.S.C. or I.R.C.) on November 15, 2007, seeking to bar defendants COA Financial Group, LLC ("COA") and Eagle Financial Services, LLC ("Eagle"), from preparing income tax returns for others. COA and Eagle were properly served and have failed to appear in this matter. Entry of default was made against them on January 7, 2008 (Doc. Nos. 15 and 16). Having reviewed the record in this case, the Court makes the following findings of fact and conclusions of law and enters this permanent injunction against COA and Eagle.

**Findings of Fact**

1. This Court has jurisdiction over the parties and subject matter in this case.

2. COA Financial Group, LLC, and Eagle Financial Services, LLC, in this judicial district have engaged in conduct subject to penalty under I.R.C. §§ 6694, 6695, or 6701 and have engaged in conduct that interferes with the proper administration of internal revenue laws.

3. Over the last eight years, Defendant Roosevelt Kyle has operated his tax preparation business using several entities or names, including COA Financial Group, LLC, and Eagle Financial Services, LLC. Kyle stopped personally signing returns in 2004, but Kyle still interviews customers and prepares returns that are signed by others. He does this to thwart IRS efforts to detect his illegal conduct.

4.      The following numbers of returns were filed under the Employer Identification Numbers of COA and Eagle and under Kyle's identification number:

| Name of Person/Entity | Number Returns Filed by Entity from 2000-2007: | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 | 2006 | 2007* |
| Roosevelt Kyle | 1572 | 1632 | 1864 | 136 | 12 | 2 | 1 | 5 |
| Century One Resorts | 0 | 0 | 0 | 1451 | 2511 | 57 | 4 | 2 |
| COA Financial Network Trust/COA Financial Group, LLC | 0 | 0 | 0 | 0 | 0 | 2527 | 34 | 7 |
| Eagle Financial Services, LLC | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 1136 |

\* As of September 27, 2007

5.      Defendant Eagle Financial Services, LLC, was formed in January 2007 and Roosevelt Kyle is listed as its agent for service of process. Kyle reopened his tax preparation business as Eagle Financial Services, LLC, in 2007 after he was released from prison.

6.      COA Financial Group, LLC, was formed in June 2004 and Roosevelt Kyle is its agent for service of process.

7.      On average Kyle and his businesses prepared and filed approximately 1,500 returns per year since 2000.

8.      Kyle most recently operated his business from 2414 Hoover Avenue, National City, CA 91950, in the San Diego metropolitan area.

9.      Kyle, COA and Eagle, prepare returns that unlawfully understate their customers'

3031845.1

tax liabilities, most commonly by fabricating or inflating deductions on Schedule A, "Itemized Deductions," and Schedule C, "Profit or Loss from Business."

10. COA and Eagle's customers are generally wage earners who are not familiar with internal revenue laws, rules and regulations.

11. COA and Eagle generate new business through word of mouth as they gain a reputation for being able to generate larger tax refunds than other return preparers.

12. As a direct result of COA and Eagle's fraudulent return preparation, their customers have filed federal income tax returns understating their federal income tax liabilities and claiming large income tax refunds to which they were not entitled.

### IRS's Investigation

13. As of September 26, 2007, the IRS has examined approximately 254 returns prepared between 2002 and 2007 by Kyle and Tyree under the auspices of Century One Associates, COA Financial Network, or Eagle Financial Services.

14. Eagle Financial Services, LLC, is the most recent business name used by Kyle's tax preparation business.

15. Of the examined returns, 82 were prepared by COA Financial Network and 15 were prepared by Eagle Financial Services. The examinations revealed that all but approximately eight of the 254 returns understated the customer's tax liability. The IRS is continuing to examine returns prepared by Kyle, Tyree, and Eagle Financial Services.

16. Customers consented to the IRS's adjustments on approximately 127 of the examined returns. The total of the agreed tax understatements on those returns was $419,725 which was an average understatement of approximately $3,304 per return.

17. The defendants, including COA and Eagle prepared the 254 examined returns for

3031845.1

-4-

approximately 218 customers and 116 of those customers consented to the IRS's adjustments to their returns.

18. In 2007 the IRS conducted an undercover investigation of Kyle and his tax preparation business, which was operating as Eagle Financial Services, LLC. An IRS undercover agent posed as a customer and paid Kyle to prepare a tax return. Kyle conducted the tax preparation interview with the undercover agent, but the return was signed by Rebecca Tyree, Kyle's office manager and business associate. The return Kyle prepared for the undercover agent fabricated employee business expenses and charitable deductions.

19. The estimated tax loss caused by the defendants', including COA and Eagle, misconduct between 2002 and 2007 is approximately $18 million.

20. Kyle has known about the IRS's investigations of his tax preparation business and activities since at least 1987, but has repeatedly and continually engaged in improper and enjoinable conduct.

21. In 1987 the IRS assessed against Kyle two preparer penalties under 26 U.S.C. § 6694 for conduct occurring in 1983 and 1984, and in 1998 the IRS assessed against Kyle another penalty under 26 U.S.C. § 6694 for negligently understating the tax liability of a customer on return prepared in 1995.

22. COA and Eagle willfully, intentionally, and/or recklessly understate their customers' income tax liabilities by preparing returns that improperly contain fabricated or inflated deductions on Schedules A and C.

**Inflated or Bogus Schedule A Employee Business Expenses**

23. COA and Eagle continually and repeatedly prepare federal income tax returns claiming inflated or bogus Schedule A employee business expenses to offset customers' Form

3031845.1

-5-

W-2 wage income. Approximately 167 of the returns the IRS examined, including several prepared by COA and Eagle, contained adjustments for inflated or unsubstantiated Schedule A employee business expenses.

24. For example, in 2007 Kyle prepared under the business name Eagle Financial Services a return for an undercover IRS agent who posed as a customer that fabricated over $7,300 of unreimbursed employee business expenses, including over $1,900 of bogus laundry and cleaning expenses.

**Inflated or Bogus Charitable Contributions**

25. COA and Eagle continually and repeatedly prepare federal income tax returns claiming inflated or bogus charitable contributions. Approximately 180 of the returns the IRS examined, including several returns prepared by COA and Eagle, contained adjustments for inflated or unsubstantiated charitable contributions deductions.

26. Kyle, acting through Eagle, fabricated charitable contribution deductions on the IRS undercover agent's 2006 return (prepared in 2007). The IRS undercover agent gave Kyle no information to support a claim for charitable deductions, yet the undercover agent's return claimed a $2,000 contribution to the Girl Scouts and a $500 non-cash contribution to Goodwill.

27. Kyle, through Eagle, also inflated charitable contributions on the 2006 return he prepared for the San Diego couple. This customer gave Kyle documentation of cash contributions to the customer's church. However, the customer's return claimed a deduction for cash charitable contributions exceeding the amount supported by the customer's documentation and contained fabricated non-cash contributions to Goodwill in the amount of $500. This customer agreed with the IRS's adjustments.

**Inflated or Bogus Schedule C Business Expenses**

28. Kyle and his tax preparation business continually and repeatedly prepared federal income tax returns claiming inflated or bogus Schedule C business expenses.

29. Approximately 138 of the returns the IRS examined contained inflated or unsubstantiated Schedule C business expenses. Approximately 19 of those returns were prepared by COA.

## IV. HARM TO THE PUBLIC

30. The United States is substantially harmed because COA and Eagle have not accurately reported their customers' correct tax liabilities. The IRS estimates that the total tax loss to the Treasury from the defendants' misconduct (including COA and Eagle) as approximately $18 million.

31. COA and Eagle's misconduct further harms the United States by requiring the IRS to devote scarce resources to detecting the fraud and assessing and collecting lost tax revenues from the defaulted defendant's customers. Identifying and recovering all lost revenues may be impossible.

32. The harm to the Government will increase unless COA and Eagle are enjoined because they would still be free to continue preparing false and fraudulent income tax returns for customers. COA and Eagle continued to prepare returns in 2007.

33. In addition, COA and Eagle's customers have been harmed because they have paid COA and Eagle fees to prepare tax returns that understated their correct federal income tax liabilities, thereby subjecting them to interest charges and possible civil and criminal sanctions.

34. COA and Eagle's misconduct also undermines public confidence in the federal tax system and encourages widespread violations of the internal revenue laws.

**CONCLUSIONS OF LAW**

35.     Based upon the factual findings and evidence presented by the United States that COA and Eagle have not opposed, the Court also finds that COA and Eagle have continually and repeatedly engaged in conduct subject to penalty under I.R.C. §§ 6694 and 6695, and have continually and repeatedly engaged in other fraudulent or deceptive conduct substantially interfering with the administration of tax laws.  The Court also finds that a narrower injunction prohibiting only this specific misconduct would be insufficient.

36.     Accordingly, the Court finds that COA and Eagle should be permanently enjoined under I.R.C. § 7407.

37.     The Court also finds that COA and Eagle have engaged in conduct in violation of I.R.C. § 6701 and that injunctive relief is appropriate to prevent the recurrence of that conduct.

38.     The Court further finds that COA and Eagle have engaged in conduct that interferes with the enforcement of the internal revenue laws, and that the United States and the public will suffer irreparable harm in the absence of a permanent injunction.  The public interest will be served by granting a permanent injunction.

39.     Accordingly, the Court finds that COA and Eagle should be permanently enjoined under I.R.C. § 7402(a).

**ORDER**

Based on the foregoing factual findings, and for good cause shown, the Court ORDERS

A. That pursuant to I.R.C. §§ 7402, 7407, and 7408, COA Financial Group, LLC, and Eagle Financial Services, LLC, and their representatives, agents, servants, employees, attorneys, independent contractors, and anyone in active concert or participation with them, are permanently enjoined from directly or indirectly:

3031845.1

(1) acting as an income-tax-return preparer and from engaging in conduct subject to penalty under I.R.C. § 6701;

(2) engaging in conduct subject to penalty under I.R.C. §§ 6694 or 6695;

(3) engaging in other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws;

(4) engaging in any other activity subject to penalty under the I.R.C.; and

(5) representing persons before the Internal Revenue Service.

B.  That pursuant to I.R.C. § 7402 COA and Eagle are ORDERED to contact all persons and entities for whom they prepared any federal-income-tax returns or other tax-related documents after January 1, 2003, and inform those persons of the entry of the Court's findings concerning the falsity of representations COA and Eagle made on their customers' tax returns, and that a permanent injunction has been entered against them;

C.  That pursuant to I.R.C. § 7402, COA and Eagle are ORDERED to turn over to counsel for the United States a list of the names, addresses, e-mail addresses, phone numbers, and Social Security numbers of all individuals or entities for whom the defendants prepared or helped to prepare any tax-related documents, including claims for refund or tax returns since January 1, 2003;

D.  That the United States is permitted to engage in post-judgment discovery to ensure compliance with the permanent injunction; and

3031845.1

1       E.  That this Court shall retain jurisdiction over this action for the purpose of implementing and enforcing this Order.

**IT IS SO ORDERED.**

**DATED:  July 11, 2008**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

3031845.1

-10-